THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LYNDLE GOLDEN, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD GIRE, Defendant-Appellant.

Fifth District   Nos. 82—409, 82—461 cons.

Opinion filed August 2, 1983.

Stanley P. Stasiulis, of Effingham, for appellants.

K. Rick Keller, State's Attorney, of Effingham (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The instant appeals, which we have consolidated for purposes of opinion, present the issue of whether an indigent defendant is entitled to representation by court-appointed counsel at an "implied consent" hearing held pursuant to section 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c)). The trial court held that there was no such right to appointed counsel in an implied consent hearing and denied the defendants' requests that they be represented at their respective implied consent hearings by the public defender who was representing them on criminal charges of driving while under the influence of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)). On appeal from the court's orders in these hearings, the defendants contend that they should have been allowed court-appointed counsel in the implied consent hearings because of the close connection between these hearings and the underlying criminal prosecutions for driving while under the influence of alcohol. We affirm.

Both defendants, Lyndle Golden and Donald Gire, were arrested for driving while under the influence of alcohol, and each subsequently refused to submit to a breathalyzer test when requested to do so. The arresting officer in each case filed an affidavit with the circuit clerk pursuant to section 11—501.1(c), and the defendants were notified that their driving privileges would be suspended unless they requested a hearing thereon. Both defendants filed a timely request for such a hearing.

At the subsequent hearings the trial court in each case refused to allow the defendants to be represented by the public defender who had been appointed to represent each defendant on the criminal charge of driving while under the influence of alcohol. The court ruled that since an implied consent hearing under section 11—501.1(c) is a civil proceeding with no possibility of imprisonment, the defendants

had no right to appointed counsel at such a hearing. The court reasoned further that the loss of a driver's license resulting from an implied consent hearing did not constitute a loss of liberty so as to give rise to the need for appointed counsel.

Following testimony by the arresting officer in each case, the court made the requisite findings under section 11—501.1(c) and ordered the suspension of the defendants' driver's licenses. The defendants have appealed from the trial court's decision in each case.

Under the Illinois "implied consent" statute here at issue, any person who drives upon the highways of the State is deemed to have consented to the performance of a chemical test to determine his blood alcohol content if he is arrested for driving while under the influence of alcohol or other drug. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a).) While a person's refusal to submit to such a test will result in the suspension of his driving privileges, he is entitled to a judicial hearing to determine whether he refused to submit to a breath test after being lawfully arrested for driving while under the influence of alcohol. The statute provides:

> "Such hearing shall proceed in the court in the same manner *as other civil proceedings* [and] shall cover only the issues of whether the person was placed under arrest for [the] offense [of driving while under the influence of alcohol or other drug]; whether the arresting officer had reasonable grounds to believe that such person was driving \*\*\* while under the influence of alcohol, other drug, or combination thereof; and whether such person refused to submit and complete the test or tests upon the request of the law enforcement officer." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c).)

The court must then decide, based upon its findings on these issues, whether the person's license should be suspended.

■■ ■ The issue of an indigent defendant's right to appointed counsel in an implied consent hearing has not been ruled upon by the courts of this State. It is well established, however, that such a hearing is civil rather than criminal in nature. (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381; *People v. Frye* (1983), 113 Ill. App. 3d 853, 447 N.E.2d 1066.) As such, an implied consent hearing is subject to the rules governing civil appeals (*People v. Malloy*) as well as the civil rules of procedure governing matters of evidence and burden of proof (*People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229). Since there is, as a general rule, no right to appointed counsel in a civil proceeding (see *People ex rel. Ross v. Ragen* (1945), 391 Ill. 419, 63 N.E.2d 874; see also *Tedder v. Fairman* (1982), 92 Ill. 2d 216, 441

N.E.2d 311), it follows that an indigent defendant in an implied consent hearing has no right to appointed counsel.

The defendants contend, however, that, despite the "civil" label applied to an implied consent hearing, such a hearing is actually a "critical stage" in the underlying criminal prosecution for driving while under the influence of alcohol. They assert, in essence, that the two proceedings are so closely linked that counsel is required at an implied consent hearing in order to preserve the defendant's right to a fair trial at the criminal proceeding itself. See *Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55; *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926.

The defendants maintain that because of the similarity of issues and evidence in the two proceedings, the rights of a defendant in a subsequent criminal trial may be prejudiced by his own uncounseled statements and by the court's findings at the related implied consent hearing. They note in particular that evidence of a person's refusal to submit to a breath test is admissible in a criminal proceeding for driving while under the influence of alcohol (see Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(c)), making the court's finding of refusal following an implied consent hearing potentially prejudicial. The defendants further contend that since an implied consent hearing involves a determination that the arresting officer had probable cause to believe a person was driving while under the influence of alcohol, it is "functionally equivalent" to a preliminary hearing in the underlying criminal proceeding, where assistance of counsel is constitutionally required. See *Coleman v. Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999.

■■■ While an implied consent hearing involves factual questions similar to those of the corresponding criminal proceeding, we find no merit in the defendants' argument that it constitutes a "critical stage" of that proceeding so as to give rise to the need for appointed counsel. An implied consent hearing is not a part of the criminal action but is, rather, a separate and distinct proceeding. (*People v. Cassidy* (1978), 67 Ill. App. 3d 43, 384 N.E.2d 599; 1974 Ill. Att'y Gen. Op. No. S—796.) As such, it progresses independently of the related criminal prosecution for driving while under the influence of alcohol and, indeed, may be held subsequent to the disposition of the criminal charge. (See, *e.g., People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.) Moreover, a dismissal or reduction of the charge of driving while under the influence of alcohol does not preclude the suspension of the defendant's driver's license under section 11—501.1 or obviate the necessity for an implied consent hearing if

the defendant has requested such a hearing. (1974 Ill. Att'y Gen. Op. No. S—796; *cf. People v. Cassidy* (dismissal of traffic charges on procedural ground not determinative of result in independent implied consent hearing).) An implied consent hearing, therefore, subsists independently of the related criminal prosecution and is thus unlike those "pretrial confrontations" where counsel is required to preserve the defendant's right to a fair trial. *Cf. Hamilton v. Alabama* (1961), 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157 (right to counsel at arraignment); *United States v. Wade* (right to counsel at post-indictment lineup).

■ Contrary to the defendants' assertion, the issues involved in an implied consent hearing are not so similar to those in the criminal action that the hearing thereby becomes a part of the criminal process. In the criminal action for driving while under the influence of alcohol, the State must prove beyond a reasonable doubt that the defendant was actually under the influence of alcohol or other drug while operating a motor vehicle. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a); *People v. Toler* (1975), 32 Ill. App. 3d 793, 336 N.E.2d 270.) In an implied consent hearing, on the other hand, the inquiry is whether a person refused to submit to a breath test after being arrested for driving while under the influence of alcohol and whether the arresting officer had reasonable grounds to believe the person was driving while under the influence of alcohol so as to make the arrest lawful. The burden of proof on these issues is the preponderance of evidence standard applicable to civil proceedings. (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.) Because of these differences in issues and proof, the court's ruling in an implied consent hearing is neither binding nor determinative of the outcome in a subsequently held criminal trial. *Cf. People v. Bafia* (standard of "reasonable grounds" does not require the officer to have in hand evidence sufficient to convict).

■ The fact that a person's refusal to submit to a breath test is admissible in a criminal action does not render the court's finding of refusal in an implied consent hearing prejudicial to the defendant's rights in that action. Such evidence of refusal derives not from the implied consent hearing but from the test situation itself. Thus, while a person's refusal may constitute impeaching evidence in the criminal action, this evidence is independent of the court's finding in the implied consent hearing and is not affected thereby. We see no merit, therefore, in the defendants' contention that counsel is required in an implied consent hearing to argue against the court's finding of refusal.

■ The defendants' further argument that an implied consent hearing is "functionally equivalent" to a preliminary hearing in a criminal action for driving while under the influence of alcohol likewise misapprehends the nature of the implied consent hearing and its relation to that criminal proceeding. While an implied consent hearing involves a finding that the arresting officer had reasonable grounds to arrest the defendant for driving while under the influence of alcohol, the purpose of this finding is to determine whether the person's refusal was pursuant to a lawful arrest, not to determine whether the defendant should be "bound over" for trial on the criminal charge as in a preliminary hearing. A finding favorable to the defendant in an implied consent hearing does not result in dismissal of the criminal charge but merely precludes the suspension of his driving privileges. Since an implied consent hearing involves issues other than whether a person's arrest was proper, a favorable ruling may be the result of various grounds other than whether or not there was probable cause to make the arrest. An implied consent hearing, therefore, is unlike a preliminary hearing in purpose and effect, and the defendants cannot be said to be entitled to appointed counsel on this basis.

■ We note finally that appointed counsel is not required in an implied consent hearing merely because of the possibility that an uncounseled defendant may make statements in that hearing incriminating himself on the underlying criminal charge. While an individual's constitutional guaranty against self-incrimination extends to legal proceedings of a civil nature like the implied consent hearing (*People v. Davis* (1973), 11 Ill. App. 3d 775, 298 N.E.2d 350), it can not be seriously maintained that indigent litigants in such proceedings are entitled to free counsel to advise them of this privilege. To interpret the right to appointed counsel in such a way would lead to the appointment of counsel in any matter requiring an indigent defendant's appearance in court, as skilled counsel would undoubtedly benefit the defendant in any legal proceeding. A *pro se* defendant may, at most, be entitled to an admonition regarding the privilege against self-incrimination in a proceeding where the State is a party (*cf. People v. Musil* (1967), 37 Ill. 2d 373, 227 N.E.2d 751 (admonition appropriate in coroner's inquest where defendant's admissions used to impeach him in subsequent criminal trial)), but this does not thereby give rise to the need for appointed counsel. (See *People v. Murdock* (1968), 39 Ill. 2d 553, 237 N.E.2d 442.) Since an implied consent hearing is held only upon the request of the defendant and so lacks any element of coercion, we find no merit in the defendants' argument that counsel should be appointed in such a hearing so as to guard against the pos-

sibility of prejudice in a later criminal proceeding.

In addition to their argument that counsel is required in an implied consent hearing because of the close relation between the hearing and the corresponding criminal action, the defendants assert that the consequences of the hearing itself are so severe as to give rise to the need for appointed counsel. The constitutional right to appointed counsel, however, is limited to criminal proceedings which result in actual imprisonment (*Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006; *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158), and the statutory right to counsel is similarly limited. (See Ill. Rev. Stat. 1981, ch. 38, pars. 103—4, 113—3(b); ch. 34, par. 5604.) The sanction of suspension resulting from an implied consent hearing does not constitute such a deprivation of liberty and cannot be so construed. The defendant's constitutional right to due process, though applicable in this proceeding involving suspension of driving privileges (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586), has not been held to include the right to representation by appointed counsel. We hold, therefore, that there is no right to appointed counsel in an implied consent hearing under section 11.501.1. See 1982 Ill. Att'y Gen. Op. No. 82—017.

In a final contention of error, defendant Donald Gire asserts that, under the authority of *People v. Batchelder* (1982), 107 Ill. App. 3d 81, 437 N.E.2d 364, the affidavit submitted by the arresting officer in his case was constitutionally deficient for failing to set forth sufficient facts to justify his arrest for driving while under the influence of alcohol. This argument, because not raised at the hearing below, is waived for purposes of appeal. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) We note, however, that the rule of *People v. Batchelder* has since been repudiated in other decisions by the appellate court (see, *e.g., People v. Frye; People v. Babych* (1983), 112 Ill. App. 3d 704, 445 N.E.2d 921), and the case itself was recently reversed by the United States Supreme Court (*Illinois v. Batchelder* (1983), 463 U.S. ___, 77 L. Ed. 2d 1267, 103 S. Ct. 3513). The defendant therefore has suffered no prejudice by his inability to research and argue this point in the trial court.

For the reasons set forth in this opinion, we hereby affirm the judgments of the circuit court of Effingham County.

Affirmed.

KARNS and WELCH, JJ., concur.