THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LAURENCE E. SHAFFER, Defendant-Appellee.

First District (5th Division)   No. 84—0653

Opinion filed June 28, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and James S. Veldman, Assistant State's Attorneys), for the People.

Fegan & Epton, of Des Plaines, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

After defendant, Laurence E. Shaffer, pleaded guilty to driving under the influence of alcohol, transportation of open liquor, and criminal damage to property, he received supervisory dispositions and fines for each offense. The trial court then proceeded to an implied consent hearing which defendant had requested pursuant to statute. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) After hearing argument on defendant's motion to dismiss the implied consent proceeding, the trial court granted the motion based upon *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354. On appeal, the State contends that the trial court did not have the discretion to dismiss a civil implied consent proceeding when the defendant pleaded guilty to the underlying criminal charge of driving while under the influence of alcohol because the legislature intended that the implied consent hearing proceed to final judgment irrespective of the disposition of the underlying criminal charge of driving while under the influence of alcohol.

During the evidentiary hearing for the entry of defendant's plea of guilty, the following stipulated evidence was entered: that if Officer Dean Willerth testified, he would state that at 3:52 a.m. on January 30, 1983, he received a report of a speeding green Chevrolet bearing license plate number SDO146 at 1900 Syracuse Lane in Schaumburg. When the officer located the vehicle, he stopped defendant who was the driver, spoke to him, and administered a field sobriety test to defendant which he failed. The officer then arrested defendant for driving under the influence of alcohol. After the officer advised defendant of the *Miranda* warnings, defendant informed the officer that "he had ran down some mail boxes." The officer noted that defendant's face was flushed, that his clothes were in disarray, and that his eyes were bloodshot. Defendant staggered when he walked, was verbose and used profanity.

The issue presented for review is whether it was within the discretion of the trial court to dismiss the implied consent proceeding on the basis that defendant pleaded guilty to the underlying criminal charge of driving while under the influence of alcohol. An implied consent hearing is civil in nature. (*People v. Jacquith* (1984), 129 Ill. App.

3d 107, 472 N.E.2d 107.) It is not a part of the criminal action but is a separate and distinct proceeding. (*People v. Cassidy* (1978), 67 Ill. App. 3d 43, 384 N.E.2d 599.) It progresses independently of the related criminal prosecution for driving while under the influence of alcohol and may be held subsequent to the disposition of the criminal charge. *People v. Golden* (1983), 117 Ill. App. 3d 150, 453 N.E.2d 15.

■ In the implied consent proceeding, the trial court does not suspend the driver's license. Rather, that is an administrative function of the Secretary of State. (*People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831.) The implied consent statute is designed to protect citizens of this State upon the highways (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166), and in a proceeding thereunder defendant's right to due process is protected by providing a meaningful hearing to determine if he refused to consent to a breath test after being lawfully arrested for driving while under the influence of alcohol. *People v. Keller* (1984), 128 Ill. App. 3d 325, 470 N.E.2d 1200.

■ An implied consent hearing covers only the issues of: (1) whether the person was placed under arrest for an offense described in section 11—501 of the Vehicle Code; (2) whether the arresting officer had reasonable grounds to believe that such person was driving under the influence of alcohol; and (3) whether such person refused to submit to the test upon the request of the law enforcement officer. (*People v. Adams* (1984), 128 Ill. App. 3d 725, 471 N.E.2d 575.) However, in the criminal action for driving under the influence of alcohol, the State must prove beyond a reasonable doubt that the defendant was actually under the influence of alcohol while operating a motor vehicle. Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a); *People v. Golden* (1983), 117 Ill. App. 3d 150, 453 N.E.2d 15.

Upon dismissing the implied consent hearing, the trial court in the instant matter relied upon *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354, which has somewhat similar facts. Albert Brooks was arrested for operating a motor vehicle while under the influence of an intoxicant. (Wis. Stat. sec. 346.63(1) (1979-1980).) Although Brooks refused to submit to a sobriety test, he subsequently requested an implied consent hearing. At the hearing, the Wisconsin circuit court was advised that in municipal court Brooks pleaded guilty to the underlying criminal offense of operating a vehicle while under the influence of an intoxicant. The circuit court then dismissed the hearing on the refusal on the basis that its purpose was to support the prosecution of the underlying criminal charge. Thereafter, the court of appeals reversed the circuit court and remanded the case for

further proceedings. Following a subsequent appeal of that decision, the supreme court held that the general purpose of the laws relating to operating a vehicle while under the influence of intoxicants and implied consent to take sobriety tests, *i.e.*, to remove intoxicated drivers from the road "as expeditiously as possible and with as little disruption of the court's calendar," is best served by the exercise of judicial discretion in the dismissal of a refusal case once there has been a plea of guilty to the charge of operating a vehicle under the influence of intoxicants. *State v. Brooks* (1983), 113 Wis. 2d 347, 359, 335 N.W.2d 354.

While we believe that the implied consent statutes for both Illinois and Wisconsin address similar concerns, *i.e.*, the need to remove intoxicated drivers from the highway, the purposes of the proceedings associated therewith are distinct. The purpose of the Wisconsin statute is to induce drivers to submit to sobriety tests to expedite proceedings related to the criminal offense of operating a vehicle while under the influence of intoxicants. (See *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354.) Further, the municipal court in Wisconsin may suspend or revoke the driver's license. In Illinois, such procedures are administrative functions of the Secretary of State and part of a regulatory measure under the police power of the State governing traffic upon the highways, but not part of any punishment imposed by the court. (*People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229.) Additionally, in Illinois a purpose of the implied consent hearing is to determine whether the driver refused to submit to a sobriety test upon the request of the law enforcement officer. An implied consent proceeding here exists independently of the related criminal prosecution, and the issues there are not so similar that it becomes part of the criminal process (see *People v. Golden* (1983), 117 Ill. App. 3d 150) as in Wisconsin.

■ Under the circumstances, we believe that the circuit court erroneously granted defendant's motion to dismiss the implied consent proceeding. By entering the order of dismissal, the trial court prevented the State and defendant from determining: (1) whether defendant was placed under arrest for an offense described in section 11—501; (2) whether the arresting officer had reasonable grounds to believe that defendant was driving while under the influence of alcohol; and (3) whether defendant refused to submit to the sobriety test upon the request of the officer. Additionally, the trial court's action precluded the Secretary of State from deciding whether defendant's license should be revoked or suspended if defendant improperly refused the test.

Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion. Since this is not an appeal from a conviction, we deny the State's request that defendant be assessed $50 as costs. *People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6.

Reversed and remanded.

LORENZ and SULLIVAN, JJ., concur.