THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
HUGO CHAVEZ, Defendant-Appellee.

First District (5th Division)   No. 84—0414

Opinion filed June 28, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Larry Dirksen, of Olympia Fields, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant Hugo Chavez was charged with driving under the influence of alcohol (DUI) on May 6 and on July 19, 1981. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a).) He pleaded guilty to the latter charge and was placed on supervision for one year. The other charge was stricken with leave to reinstate. Defendant successfully completed the term of supervision and the DUI charge is not before this court.

At the times defendant was arrested for DUI, he refused to submit to chemical tests for the purpose of determining the alcohol content of his blood as required by section 11—501.1(a) of the Illinois Vehicle Code (the Code), and under section 11—501.1(c) of the Code no test was administered. (Ill. Rev. Stat. 1981, ch. 95½, pars. 11—501.1(a), 11—501.1(c).) In accordance with section 11—501.1(c) of the Code, the arresting officers filed reports of defendant's refusal to submit to a breath test.

The report filed with respect to the May 6, 1981, DUI charge stated that at the time the officer arrested defendant, he had reasonable grounds to believe defendant was driving under the influence of intoxicating liquor in that he was driving in the wrong lane of traffic, had a strong odor of alcohol on his breath and was unable to satisfactorily complete sobriety tests. The officer, who filed the report concerning the July 19, 1981, DUI charge, stated that at the time of defendant's arrest he had reasonable grounds to believe defendant was driving under the influence of alcohol, in that when asked to exit from behind the steering wheel of his car, defendant could not stand without the support of another person. Pursuant to law, the clerk of the court notified defendant that his motor vehicle operation privileges would be suspended unless he requested an implied-consent hearing. Defendant thereupon filed a complaint for a hearing.

Section 11—501.1(c) of the Code provides that:

"Such hearing shall proceed in the court in the same manner as other civil proceedings, [and] shall cover only the issues whether the person was placed under arrest for an offense as defined in Section 11—501 of this Code ***; whether the arresting officer had reasonable grounds to believe that such person was driving

\*\*\* a motor vehicle while under the influence of alcohol \*\*\*; and whether such person refused to submit and complete the test or tests upon the request of the law enforcement officer."

The report of proceedings from the hearing which was held on August 10, 1982, and the memoranda of court orders indicate that at the hearing defendant "pled guilty." We construe this as having entered an admission, since the statute states that the proceeding is civil, not criminal, in nature. The trial court entered a finding of "probable cause" and simultaneously, *sua sponte*, entered and continued a motion to vacate the finding. That motion was originally set for the same date that the supervision on the DUI charge to which defendant pleaded guilty was to terminate, but it was subsequently continued to January 30, 1984.

On that date arguments of counsel were heard, but no evidence was presented. Nonetheless, over the State's objection, the trial court sustained the motion to vacate. The court then entered a finding of "no probable cause" on the memoranda of court orders for both implied-consent cases, and the State appealed.[1]

On appeal, the State argues that section 11—501.1(c) of the Code does not merely contemplate a request for a hearing, but mandates that a hearing actually be held. Thus, once the trial court sustained the motion to vacate, it was required to hold an evidentiary hearing. The State further contends it had the right and obligation to prove by a preponderance of the evidence the elements which are set forth in the statute as quoted above, which the State proposes to do by the introduction into evidence of defendant's guilty plea to the DUI charge.

■ An implied-consent hearing is a civil proceeding (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c)), which is separate and distinct from the DUI criminal proceeding. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 154, 453 N.E.2d 15.) A dismissal or reduction of the DUI charge does not preclude suspension of the defendant's driver's license under section 11—501.1 of the Code or obviate the necessity for an implied-consent hearing if the defendant has requested such a hearing. *People v. Golden* (1983), 117 Ill. App. 3d 150, 154-55.

■ If the defendant does not withdraw his request for an implied-consent hearing, then a hearing must be held. (*People v. LaFrank* (1982), 104 Ill. App. 3d 650, 653, 432 N.E.2d 1282.) At the hearing, the State has the burden of proving by a preponderance of the evidence

---

[1]Although defendant has not filed a brief, we may consider the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

(*People v. Golden* (1983), 117 Ill. App. 3d 150, 155) that the arresting officer had reasonable grounds to believe the defendant was driving a motor vehicle while under the influence of alcohol and that the defendant refused to submit to and complete chemical tests to determine the content of alcohol in the defendant's blood (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c)).

■ As used in the statute, "reasonable grounds" is synonymous with "probable cause." (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 716, 445 N.E.2d 878.) A guilty plea to a traffic offense such as DUI is a judicial admission, which, although not conclusive proof, is proper evidence against the defendant in a civil proceeding arising from the same incident. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 716; *People v. Powell* (1982), 107 Ill. App. 3d 418, 419.) In an implied-consent hearing, the admission is relevant to proving that the arresting officer had reasonable grounds to believe the defendant was driving under the influence of alcohol. (*People v. Powell* (1982), 107 Ill. App. 3d 418, 419.) The guilty plea may be used as an admission even when the underlying DUI charge has been finally dismissed without adjudication of guilt after the defendant has received supervision. *People v. Powell* (1982), 107 Ill. App. 3d 418, 419.

■ In the instant case, defendant requested implied-consent hearings with respect to both the May 6 and the July 19, 1981, incidents and has not withdrawn his requests. At the initial consolidated hearing, based upon defendant's admissions, the trial court found that the police had reasonable grounds to believe defendant was driving while under the influence of alcohol and entered judgments thereon. Since the trial court subsequently vacated its findings and the judgments (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)), defendant's requests for implied-consent hearings were reinstated and pending. At that point the trial court was required to hold an evidentiary hearing at which the State had the prerogative of introducing into evidence defendant's guilty plea to the July 19, 1981, DUI charge. Accordingly, the trial court erred by finding that the police lacked reasonable grounds to believe defendant was driving while intoxicated and by entering judgment in his favor without holding an evidentiary hearing.

■ For the reasons set forth above, the judgment of the circuit court is reversed and the cause is remanded for further proceedings. The State's motion for costs of taking this appeal is denied, since the proceeding is civil, not criminal, so there can be no underlying conviction giving rise to an award of appellate costs.

Reversed and remanded.

MEJDA, P.J., and SULLIVAN, J., concur.