(No. 63294.—

HAROLD KOSS, Petitioner, v. DAVID SLATER,
Judge, Respondent.

*Opinion filed April 2, 1987.—Rehearing
denied June 5, 1987.*

Stanley P. Stasiulis, Public Defender, of Effingham,
for petitioner.

John E. Longwell, Assistant State's Attorney, of Effingham, for respondent.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Pursuant to Supreme Court Rule 383 (103 Ill. 2d R. 383), petitioner, Harold Koss, filed a motion for a supervisory order directed to respondent, David Slater, judge of the circuit court of Effingham County.

In the circuit court petitioner was charged with driving while under the influence of alcohol (hereinafter DUI (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)). After reviewing petitioner's affidavit of assets and liabilities, the circuit court found petitioner was indigent and appointed the public defender to represent him. Petitioner had refused to submit to a breathalyzer test and pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1), after notice to petitioner, his driver's license was summarily suspended. Appointed counsel filed a motion for rescission of the summary suspension of petitioner's driver's license and was advised by the court that because those proceedings were civil in nature, and not criminal, he was not permitted to represent petitioner at the hearings on rescission of the summary suspension or for the issuance of a judicial driving permit.

Petitioner seeks the entry of a supervisory order "direct[ing] or find[ing] that an indigent defendant charged with DUI pursuant to Ill. Rev. Stat. of 1986 [*sic*], chapter 95½ sec. 11—501 is entitled to the services of his court-appointed counsel or Public Defender for Rescission of Summary Statutory Suspension Hearings under chapter 95½ sec. 2—118.1 and the chapter 95½ sec. 6—206.1 hearings for judicial driving permits."

The Illinois "implied consent" statute, in pertinent part, provides:

> "(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highway of this State shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood ***." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).)

The statute provides for summary suspension of the driving privileges of a person who refuses to submit to the requested tests. It further provides:

> "(b) Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearings shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings." Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).

Petitioner contends first that an indigent defendant, after he has been formally charged with DUI, is entitled to the assistance of the public defender. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(b); Ill. Const. 1970, art. I, sec. 9; *People v. Ash* (1984), 102 Ill. 2d 485.) Petitioner argues that he is also entitled to representation by such appointed counsel at any statutory-suspension (implied-consent) and judicial-driving-permit hearings. Such hearings, he argues, constitute adversarial proceedings involving the continued representation of the client and depriving the client of the assistance curtails his right to

the undivided loyalty of his counsel; citing *People v. Ash* (1984), 102 Ill. 2d 485, and Rules 1—102(a)(5), 5—107(a), and 2—109(b) of the Code of Professional Responsibility (87 Ill. 2d Rules 102(a)(5), 5—107(a), 2—109(b)), he argues further that he is entitled to representation free from conflicting interests.

Petitioner points out that evidence of his refusal to submit to chemical testing is admissible against him in the criminal prosecution for DUI (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(c)); that without appointed counsel present at the implied-consent hearing where such matters are resolved, an indigent defendant is effectively precluded from attempting to suppress such detrimental evidence. Petitioner argues that the effect of the rescission of a statutory summary suspension is the equivalent of the suppression or exclusion of evidence at any other criminal proceeding; that the denial of the assistance of counsel at the prior hearing could result in the introduction against petitioner of illegal evidence which would be held inadmissible against his wealthier counterpart. This, he contends, deprived him of equal protection of the law. Furthermore, he urges that the foregoing factors show that implied-consent and judicial-driving-permit hearings are inextricably tied to the underlying criminal offense of DUI, and that a defendant deprived of counsel at the prior hearings is prejudiced at trial.

Petitioner argues, too, that the denial of court-appointed counsel at the implied-consent and judicial-driving-permit hearings results in a breakdown in the negotiation process between a defendant and the State's Attorney's office; that a defendant without counsel is unable to bargain with the prosecutor for a lesser sentence as effectively as those defendants represented by private counsel, and is thus deprived of the equal protection of the law.

Petitioner's next contention is that because the rescission-of-revocation and judicial-driving-permit hearings so substantially affect the underlying prosecution they are in fact critical stages of the criminal process, and that due process requires that he be represented by counsel. Citing *People v. Bonner* (1967), 37 Ill. 2d 553, he argues that, given the relationship between the implied-consent hearing and the underlying DUI trial, the hearing is a critical stage irrespective of whether it is labeled "criminal" or "civil." 37 Ill. 2d 553, 558.

Finally, petitioner urges that the loss of his driver's license subsequent to the implied-consent or judicial-driving-permit hearing may result in the deprivation of his physical liberty in two ways. First, should the evidence of his refusal be admitted at the subsequent DUI trial, he could possibly be sentenced to as many as 364 days' imprisonment. Second, because he lives in a rural area where no public transportation is available, the confiscation of his driver's license would curtail his ability to commute to work and to obtain the necessities of life. Citing *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153, petitioner argues that where, in the event of an adverse result in a court proceeding, an indigent litigant faces a deprivation of his physical liberty, he is presumed to have the right to appointed counsel. In the alternative, petitioner asserts that fundamental fairness requires the appointment of counsel for indigents even where no liberty interest is involved. Citing the balancing test set forth in *Lassiter*, he urges that the balance of three elements, "the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions" (452 U.S. 18, 27, 68 L. Ed. 2d 640, 649, 101 S. Ct. 2153, 2159), requires the appointment of counsel. He points out that the private interests at stake involve his transportation to obtain necessities,

which would be severely restricted should he lose his license. The government's only interest, he argues, would be economic—the cost of appointed counsel, and, possibly, the time necessary to hold such hearings. He argues, too, that there is substantial risk that, because of an erroneous decision following the hearing, an unrepresented indigent defendant will be deprived of his license. He argues that because the hearings are complex and technical, involving matters not ordinarily known to members of the public, there is little likelihood that an indigent defendant unfamiliar with courtroom procedures would prevail over the skilled counsel representing the State.

Respondent contends that implied-consent hearings have long been considered civil in nature and that indigent defendants are not entitled to court-appointed counsel at civil proceedings. (*People ex rel. Ross v. Ragen* (1945), 391 Ill. 419.) He argues that an implied-consent hearing is independent of the criminal proceeding and that representation of a defendant at such hearing does not involve an attorney's continuing representation of his client on the underlying DUI charge. Furthermore, respondent maintains that the operation of a motor vehicle is a privilege, not a fundamental right, and, therefore, the denial of such a privilege does not result in a curtailment of physical liberty. Relying on *People v. Golden* (1983), 117 Ill. App. 3d 150, respondent argues that only where the ultimate sentence imposed will deprive a defendant of his physical liberty does he have the right to court-appointed counsel. 117 Ill. App. 3d 150, 157.

We do not agree with petitioner's contention that implied-consent hearings are inextricably tied to the underlying criminal offense of DUI. The issues raised in an implied-consent hearing are whether there is evidence to establish that the defendant was arrested for driving under the influence of alcohol, whether the arresting offi-

cer had reasonable grounds to believe the defendant was driving under the influence of alcohol, and whether the defendant, after being advised by the arresting officer that his license would be suspended if he refused to submit to the chemical tests, refused to submit. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)(1).) On the other hand, in a criminal DUI action, the People must prove beyond a reasonable doubt that the defendant was actually under the influence of alcohol while operating a motor vehicle. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a).) In our opinion, the issues involved in the implied-consent hearing are not so similar to the underlying charge of DUI that they become a part of the criminal process. (*People v. Shaffer* (1985), 134 Ill. App. 3d 548, 551.) Furthermore, it is the decision on the merits of the DUI criminal proceeding that determines whether the defendant's driver's license should be suspended or revoked. In our opinion, statutory summary suspension of a driver's license, which a court may refuse to rescind at an implied-consent hearing, is an administrative function of the Secretary of State, designed to protect the persons who travel the highways; it is not a punishment imposed by the court. (134 Ill. App. 3d 548, 551.) Therefore, because defendant's conviction for the underlying criminal offense is not dependent upon the outcome of the implied-consent hearing, due process does not require the appointment of counsel.

We consider next petitioner's contention that an implied-consent hearing constitutes a "critical stage" of the criminal process such that the right to counsel thereby attaches. As the court said in *People v. Baker* (1982), 92 Ill. 2d 85, "it is now well established that a defendant has a constitutional right to be represented by counsel 'at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected' ***." (92 Ill. 2d 85, 90.) We conclude, however, that an im-

plied-consent hearing does not constitute such stage of the criminal process. The implied-consent hearing is limited in scope, and a finding adverse to petitioner on the issues presented would not be binding on a court hearing the DUI charge.

We also disagree with petitioner that an implied-consent hearing resembles a motion to suppress. A motion to suppress is directed toward determining whether certain evidence should be admitted at trial; in many cases, suppression of the evidence results in a dismissal of the charges. However, when a defendant prevails in an implied-consent hearing, the decision does not effect the dismissal of the criminal charges, it serves only to stay the suspension of his driving privileges until the DUI proceedings are concluded.

We consider now petitioner's argument that the denial of counsel at an implied-consent hearing will result in the deprivation of his physical liberty. Initially, we note that petitioner has presented no empirical evidence in support of his proposition that a defendant who is unrepresented at an implied-consent hearing, yet is afforded the assistance of counsel during his subsequent trial for DUI, faces a disproportionately higher rate of conviction. Likewise, petitioner has presented no evidence that the chance of an erroneous decision is also more than likely.

We have examined *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153, upon which petitioner relies in his argument that fundamental fairness requires the appointment of counsel. In *Lassiter* the Supreme Court reviewed three elements which are to be balanced in determining whether an indigent defendant is entitled to the appointment of counsel. The court then explained that these elements are to be balanced "against each other, and then *** their net weight [set] *** against the presumption

that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom." (452 U.S. 18, 27, 68 L. Ed. 2d 640, 649, 101 S. Ct. 2153, 2159.) There is no potential loss of personal freedom at stake here, and the sanction of suspension resulting from an implied-consent hearing is not imprisonment; it is merely the suspension of a person's driving privileges. Since imprisonment is not at issue, the penalty to a losing defendant does not constitute a deprivation of liberty. Moreover, the other difficulties which petitioner complains he will face should he lose his license—the inability to drive himself to work, to obtain food, clothing and medical attention—are inconveniences, not the curtailment of fundamental rights.

Because we find there is no right to appointed counsel at either a summary-suspension or a judicial-driving-permit hearing under sections 2—118.1 and 6—206.1 (Ill. Rev. Stat. 1985, ch. 95½, pars. 2—118.1, 6—206.1), petitioner's motion for a supervisory order is denied.

*Supervisory order denied.*