THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GAYLE L. GERKE, Appellant.

*Opinion filed May 26, 1988.*

John F. Donahue, of Oak Brook, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

Petitioner raises two issues in this proceeding dealing with the Illinois statutory summary suspension provision of the Illinois Vehicle Code. The first issue raised by the appellant is whether the statutory summary suspension procedure is violative of the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2) and the fourteenth amendment of the United States Constitution. The second issue is whether a circuit court has discretion to rescind a statutory summary suspension issued by the Secretary of State pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) simply on the basis of the disposition of the underlying criminal charges. We find that there is no due process violation and that the statute does not permit the circuit court discretion to dismiss a statutory summary suspension based solely on the disposition of the underlying criminal proceedings.

The trial court dismissed the defendant's statutory summary suspension after the State's *nolle prosequi* motion was granted. The appellate court reversed and remanded with instructions to notify the Secretary of State of the confirmation of the suspension. (156 Ill. App. 3d 43.) We granted the defendant's petition for

leave to appeal pursuant to Rule 315 (107 Ill. 2d R. 315(a)).

The defendant, Gayle Gerke, was charged with two counts of driving under the influence (DUI) (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), (a)(2)). A blood-alcohol test was requested by the arresting officer pursuant to the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a)). The defendant submitted to the test, which disclosed a blood-alcohol content of 0.22. In compliance with the statute upon a finding of a blood-alcohol concentration greater than 0.10 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c)), notice of the statutory summary suspension was given the defendant and confirmation was sent by the Secretary of State on February 6, 1986 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(e)). On February 14, 1986, the Secretary of State's confirmation was amended from a three-month to a one-year suspension when it was discovered that the defendant was not a first-time offender. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1(a)(3).) On February 11, 1986, the defendant filed a written request for a hearing as provided for in the statute. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.) The record indicates, however, that the defendant's request for the statutory summary suspension/implied-consent hearing was withdrawn on February 25, 1986, the date of her scheduled court appearance. This was 16 days before the statutory summary suspension was to become effective. No reasons for the withdrawal are noted in the record, nor is there any indication of a subsequent motion for reinstatement of the request for the summary suspension/implied consent hearing.

Following subsequent court date delays, the criminal charges came before the circuit court for trial on May 13, 1986. Due to the absence of the police officer witnesses, the prosecution moved to nol-pros the criminal

charges. The motion was granted, and the defendant entered a demand for a speedy trial.

After a brief recess, the defendant moved to rescind the statutory summary suspension then in existence based on the fact that there was no longer a pending DUI prosecution. The State opposed the motion. The court granted the motion, stating that a statutory summary suspension requires an active criminal case for its existence. On the State's appeal the appellate court reversed and remanded (156 Ill. App. 3d 43), holding that the Illinois summary suspension statute complies with the requirements of due process and that a trial court lacks the discretion to rescind the suspension of the defendant's driving privileges solely on the basis of the dismissal of the underlying criminal charges. We agree.

Petitioner argues that the summary suspension provision of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) is violative of due process because the procedures for a hearing do not allow for a timely disposition of the matter and that a one-year suspension of a driver's license is an excessive deprivation. Our court previously considered the issue of due process protection as it relates to a prehearing revocation of a license to drive in *People v. Esposito* (1988), 121 Ill. 2d. 491. *Esposito* held that section 11—501.1 is constitutional under the due process clause. (121 Ill. 2d at 511.) The summary suspension provisions of section 11—501.1 comply, we held, with the three-factor test enunciated by the Supreme Court in *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893.

In *Eldridge* the Supreme Court held that due process does not require that a hearing be held prior to the termination of disability benefits under the Social Security Act. In its holding, the Court stated that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful man-

ner.' " (424 U.S. at 333, 47 L. Ed. 2d at 32, 96 S. Ct. at 902.) In determining when a prior hearing is required in order to afford due process protection, consideration of the following three factors is required:

> "first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (*Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903.)

The *Eldridge* due process factors have been applied by the Supreme Court in upholding the termination of driving privileges prior to a hearing in *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723, and in *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.

Since *Esposito* fully discussed and applied the *Eldridge* three-factor test, we see no reason to repeat what was previously clearly stated. Appellant, however, here asserts that the one-year suspension she received is excessive. Because the *Esposito* case may have left that question open, as it only addressed the provisions for three-month and six-month suspensions under sections 6—208.1(a)(1) and (a)(2), we now expand our previous discussion to clearly include the one-year suspension for those who are not first offenders under section 6—208.1(a)(3).

The Supreme Court in *Dixon v. Love*, which petitioner cites for the proposition that a driver's license is a protectable property interest, upheld a summary suspension under the Illinois Code that had a maximum suspension of one year. We see no reason to reach a different

result merely because we are considering another section of the Illinois Vehicle Code. Additionally, we note that under this particular portion of the Code a one-year suspension is given only when the individual is not a first offender and that the driver who does receive a one-year suspension under section 11—501.1 is not left entirely without remedy. Section 6—208.1(g) provides that where, as in this case, "the driver was not a first offender *** the Secretary of State may, after at least 90 days from the effective date of the statutory summary suspension, issue a restricted driving permit." Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—208.1(g).

We also do not agree with petitioner's argument that the statute violates due process because it allegedly does not provide for a timely review of the suspension. There is no longer any question that a presuspension hearing is not required (see, e.g., Mackey v. Montrym (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612; Dixon v. Love (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723) in a case such as this one, and petitioner does not disagree with that proposition. The question she poses is, How long after the suspension notification should a hearing be held in order to protect the individual's due process rights? Under the terms of the statute (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(g)) a summary suspension does not become effective until the 46th day following the date of the notification of the suspension. A hearing on the suspension, when requested, is to be conducted "[w]ithin 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) The first appearance date on the Uniform Traffic Ticket must be not less than 14 days but within 49 days after the date of arrest, whenever practicable. (107 Ill. 2d R. 504.) Thus, in most cases, the summary suspension hearing will be held not later than three days

after the suspension is to become effective. Although we express no opinion as to how long a post-suspension hearing may be delayed without violating due process, a three-day delay is not nearly long enough to implicate the due process clause.

We also do not agree with the petitioner's second argument, in which she argues (1) that a statutory summary suspension is criminal in nature or (2) that it requires an underlying criminal action or (3) that the trial judge has discretion to rescind the suspension in the absence of a criminal proceeding. An arrest for driving under the influence of alcohol may result in two separate causes of action, one criminal and one civil. While the trial court does have discretion to set fines and/or sentence the defendant when considering the criminal prong of the offense, the legislature limited the court's scope of inquiry to consideration of the following very specific issues under the civil prong for the statutory summary suspension hearing (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)):

> "1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and
>
> 2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination thereof; and
>
> 3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or
>
> 4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor ve-

hicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more."

The statutory language very clearly indicates the civil nature of the summary suspension/implied consent hearing when it states that "[s]uch hearings shall proceed in the court in the same manner as in other civil proceedings." Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).

Additionally, the appellate court has consistently recognized this statutory intent by holding that the summary suspension hearing is a civil proceeding separate and apart from the criminal action of driving under the influence of alcohol. (See, *e.g.*, *People v. Rathnau* (1986), 140 Ill. App. 3d 88; *People v. Chavez* (1985), 134 Ill. App. 3d 598; *People v. Kaegebein* (1985), 137 Ill. App. 3d 837; *People v. Horberg* (1984), 123 Ill. App. 3d 456.) We agree with these decisions, as we recently stated in *Koss v. Slater* (1987), 116 Ill. 2d 389.

Although *Koss* arose under differing circumstances, its rationale is dispositive here. In *Koss*, petitioner, an indigent, sought appointment of counsel for a summary suspension/implied-consent hearing as well as for the hearing on the criminal portion of a DUI charge. In denying petitioner's request for counsel for the summary suspension/implied-consent hearing, we noted that the "issues involved in the implied-consent hearing are not so similar to the underlying charge of DUI that they become a part of the criminal process." (116 Ill. 2d at 395.) Additionally, we stated that the "statutory summary suspension of a driver's license *** is an administrative function of the Secretary of State," and that "defendant's conviction for the underlying criminal offense is not dependent upon the outcome of the implied-consent hearing." (116 Ill. 2d at 395.) Conversely, the outcome of

the implied-consent hearing is not dependent on the disposition of the underlying criminal offense.

The legislature clearly indicated its intent to establish a separate civil cause of action when it stated that upon compliance with the requirements of section 11—501.1, the "Secretary of State shall enter the statutory summary suspension." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1 (e).) Moreover, the statute states that it is only "[u]pon the conclusion of the judicial hearing [as limited by the statute that] the circuit court shall continue or rescind the statutory summary suspension." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) Our court has previously held that generally "shall" indicates a mandatory obligation, unless the context of the statute indicates otherwise. (See, *e.g.*, *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 33; *People v. Richardson* (1984), 104 Ill. 2d 8, 15.) Nothing in our review of the statute indicates other than a mandatory reading. Indeed, such a reading supports the purpose of the summary suspension statute, to protect the people who drive on the Illinois roads.

As we noted in *Koss*, the statutory summary suspension is designed to protect the persons who travel the highways. It is not a punishment imposed by the court. (*Koss*, 116 Ill. 2d at 395.) The purpose of the Illinois statute distinguishes it from the Wisconsin statute under review in *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354, which petitioner urges us to adopt. Unlike the Illinois statute, the Wisconsin summary suspension statute is "designed to induce persons to submit to an alcohol test to expedite securing evidence to determine whether or not a suspected person is intoxicated." (113 Wis. 2d at 348, 335 N.W.2d at 354-55.) The vastly different purpose of the Illinois statute, to protect society rather than to convict the criminal, precludes this court's consideration or acceptance of the reasoning in *Brooks*.

As a separate civil matter, the statutory summary suspension was not before the trial court on May 13, 1986, the date the criminal charges were nol-prossed by the State. The statutory summary suspension was therefore improperly dismissed. Had the summary suspension been before the circuit court, the scope of its inquiry should have been limited by the terms of the statute.

Accordingly, the judgment of the appellate court is affirmed and the judgment of the circuit court of Du Page County is reversed.

*Appellate court affirmed;*
*circuit court reversed.*