THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM WEBB, Defendant-Appellee.

First District (3rd Division)   No. 1—88—0714

Opinion filed May 3, 1989.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Linda Woloshin, and Linda S. Halperin, Assistant State's Attorneys, of counsel), for the People.

Thomas C. Brandstrader, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

In this appeal the State seeks to overturn an order of the circuit court of Cook County which rescinded the statutory summary suspension of defendant's driving privileges. The rescission order was entered before the suspension took effect and was based on the court's determination that defendant had been denied his due process right to a fair and prompt hearing when his petition for rescission was not heard within 30 days of its filing. The State now challenges the correctness of that determination.

The record shows that on January 1, 1988, Glenview police officer

Mark Greene cited defendant for driving under the influence of liquor in violation of the Illinois Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) The breath test which followed his arrest disclosed an alcohol concentration of 0.12, and based on this result, Greene immediately notified defendant that his driving privileges would be suspended for a minimum of three months. On January 19, 1988, the office of the Secretary of State sent defendant a confirmation of this three-month suspension effective February 16, 1988.

In the meantime, defendant filed a petition to rescind the statutory summary suspension of his driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) The record shows that defendant's petition was filed on January 4, 1988, and was called before the court on February 5, 1988. This February date coincided exactly with the appearance date set forth on the traffic citation issued to defendant and was also reflected on defendant's petition to rescind. When the case was called, defense counsel filed his appearance and advised the court of the pending petition to rescind. Counsel then requested leave to file a motion to dismiss the statutory summary suspension of defendant's driving privileges based on the fact that a hearing had not been held on defendant's rescission request within 30 days of its filing as mandated by statute.

The State informed the court that defendant's notice to the State was postmarked January 29, 1988, but was not actually received in the State's Attorney's office until February 2, 1988. Thus, the prosecution argued, the State did not have sufficient time to advance defendant's case to meet the 30-day statutory time provision, but that it was ready to proceed with the hearing on this date which, the State pointed out, coincided with the first appearance date on the traffic citation and thereby conformed with the second time provision set forth in the statute.

After considering the motion, the court ruled that defendant's notice to the State was adequate since it conformed with the notice required in civil proceedings, then addressed the substantive issue raised by the defense. The court commented on the need for guidance regarding the proper interpretation to be given the time frames set forth in the statute, then rescinded the statutory summary suspension of defendant's driving privileges based on the fact that defendant's petition had not been heard within 30 days of its filing as provided in the statute and ruled mandatory in *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.

This appeal follows in which the State contests the propriety of

that decision. The State first asserts that the statute provides for alternate hearing dates and that the latter provision was met in this case. Secondly, the State maintains that defendant was not subjected to any deprivation of due process in these proceedings because, unlike the situation in *Trainor*, defendant's driving privileges had not been suspended before the rescission hearing was set to begin.

At issue is the proper interpretation to be given section 2—118.1(b) of the Illinois Vehicle Code, which provides in relevant part as follows:

> "Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).)

The *Trainor* court interpreted this 30-day time period as mandatory and held that the failure to hold a hearing within 30 days of the request, unless the delay was occasioned by defendant, violated defendant's right to due process. (*Trainor*, 156 Ill. App. 3d at 922-23.) In so holding the *Trainor* court commented that the time frame specified in the statute reflected the legislature's determination of what constitutes a prompt hearing for due process requirements, and that the only appropriate remedy for noncompliance with this rule was to require the rescission of the motorist's suspension. 156 Ill. App. 3d at 922.

The operative facts in *Trainor* show that defendant was arrested and charged with driving under the influence on April 27, 1986, and received confirmation that his license would be suspended on June 12, 1986. On May 16, 1986, he requested a rescission hearing on the summary suspension and 11 days later moved for a substitution of judges. After this motion was granted, defendant advised the court of the filing date of his pending motion and requested that a hearing be held on it. One month later, when nothing came of his request, defendant filed a motion to rescind the suspension for lack of a timely hearing. This motion was denied on July 17, 1986, and his original motion met the same fate after a hearing one week later. Under these circumstances, where the record shows that the hearing on defendant's petition was held well after 30 days had elapsed from the assignment of

his case to the new judge, and after his driving privileges had already been rescinded, we agree with the *Trainor* court that defendant did not have the benefit of the prompt hearing contemplated in the statute to satisfy due process requirements. We also note, however, that the *Trainor* court did not address the correlative time provision set forth in the statute, nor would it have reason to where it appears certain that the first appearance date on the traffic ticket would also have elapsed. Consequently, we find *Trainor* factually distinguishable from the case at bar and the decision reached in that case not necessarily determinative of the outcome here.

■■ ■ Under the implied consent framework, a motorist's driving privileges must be summarily suspended 46 days after his arrest if he refuses to take the tests requested by the arresting officer or if he submits to a test which discloses an alcohol concentration of 0.10 or more. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(c), (g).) Upon notification of the suspension, defendant may request a hearing to rescind the action of the Secretary of State, and according to the statute, such hearing must be held within 30 days of its filing or on the first appearance date set forth on the ticket. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) In *People v. Gerke* (1988), 123 Ill. 2d 85, 91-92, 525 N.E.2d 68, the supreme court noted that the first appearance date on the traffic ticket must not be less than 14 days but within 49 days of the arrest whenever practicable (107 Ill. 2d R. 504), which means, in most cases, that the suspension hearing will be held not later than three days after the suspension is to become effective. Then, without deciding how long a post-suspension hearing could be delayed without violating due process, the *Gerke* court commented that a three-day delay is not nearly long enough to violate due process. (*Gerke*, 123 Ill. 2d at 92.) Applying that reasoning to the case at bar, and considering the intent of the legislation and the circumstances at the time the rescission order was entered in this case, we likewise conclude that the facts here do not support defendant's due process claim based on the failure to conduct a timely hearing on his motion to rescind.

■■ We bear in mind that due process is not a technical concept unrelated to time, place, and circumstances, but rather, a flexible concept which calls for such procedural protections as a particular situation demands (*In re E.L.* (1987), 152 Ill. App. 3d 25, 504 N.E.2d 157) in order to protect an individual from the arbitrary action of government. (*People v. Beckler* (1984), 121 Ill. App. 3d 436, 459 N.E.2d 672.) It has also been held that the most important criterion in the area of due process is "reasonableness" (*In re Application of County Collec-*

*tor* (1988), 166 Ill. App. 3d 11, 518 N.E.2d 1253), and similarly, that a statute should be given a reasonable interpretation in order that its true intent and meaning may be given effect. (*Pickus v. Board of Education* (1956), 9 Ill. 2d 599, 138 N.E.2d 532.) As applied to the facts of this case, we believe that the time provisions in the statute should not be read as exclusive, but as legislative alternatives designed to afford proper due process to a motorist facing the deprivation of his driving privileges.

It is clear that a driver's license, once issued, is considered a property interest subject to the protection of the due process clause; however, it is also clear that this principle requires only that a prompt hearing be provided to the motorist after the suspension takes place. (See *People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210 (and cases cited therein); *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187.) As noted above, defendant in this case filed his request for a hearing on January 4, 1988, and the matter was called before the court on February 5, 1988, 31 days after his request was filed. This February date coincided with the appearance date specified on the traffic citation which had been issued to him, and preceded the effective date of the statutory suspension of his driving privileges by 11 days. Under these circumstances we find no due process violation to support defendant's claim of deprivation. In our judgment, to mechanically apply the 30-day rule in this case without considering the attendant circumstances would be to elevate form over substance and ignore the very reason for the legislation, *i.e.*, to remove drunken drivers from the roadways and protect the citizens who travel upon them. *Koss v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826.

In so holding we necessarily read the statute in the disjunctive and find due process afforded where the hearing takes place within either of the specified time frames. Contrary to defendant's assertion in this court, we do not find that this interpretation conflicts with the decision reached in *Trainor*. Rather, we find *Trainor* limited to its facts and are not persuaded by defendant's argument that the decision reached in that case dictates the outcome here because the legislature failed to amend this section after the *Trainor* decision had been rendered. In addition, we note that the *Gerke* court did not address the precise issue raised in this appeal, but in its discussion set forth the alternative time provisions of the statute without further comment. *Gerke*, 123 Ill. 2d at 91.

Accordingly, we conclude that defendant was not deprived of his due process right to a timely hearing when the hearing he requested would have taken place on the first appearance date specified

on the traffic ticket. Although this date fell 31 days after his written request for a hearing, it conformed with the alternate time provision set forth in the statute, and since it was scheduled to take place 11 days before the effective date of the statutory summary suspension of his driving privileges, we conclude that due process was not violated.

The order of the circuit court of Cook County is therefore reversed and the cause is remanded for further proceedings.

Reversed and remanded.

FREEMAN, P.J., and RIZZI, J., concur.