THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. PHILLIP KRASULA, Petitioner-Appellant.

First District (5th Division) No. 1—88—0337

Opinion filed February 16, 1990.

Thomas C. Brandstrader, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and Mary Ellen Murphy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Petitioner, Phillip Krasula, filed a motion to dismiss the statutory summary suspension of his driving privileges. The trial court denied petitioner's dismissal motion, and petitioner appeals, alleging that the trial court failed to comply with the statute when it did not conduct a hearing within 30 days of his request. For the reasons hereinafter set forth, we affirm.

The record discloses that on November 21, 1987, petitioner was arrested and charged with the offense of driving under the influence of alcohol in violation of the Illinois Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) The arresting officer immediately noti-

fied petitioner that his court date was January 7, 1988, and that his driving privileges would be suspended for a minimum of three months. The office of the Secretary of State sent confirmation of the three-month suspension and specified that it would become effective on January 6, 1988, the 46th day following his arrest.

On November 25, 1987, petitioner filed a petition requesting a hearing to rescind the statutory summary suspension of his driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) The record discloses that on the petition to rescind, a printed form supplied by the clerk of the circuit court, petitioner typed the date of January 7, 1988, on a line providing for disclosure of court dates, and this typed date was the same as the date upon which petitioner was to first appear in court for his traffic violation. On January 7, 1988, petitioner appeared in court and moved to dismiss the statutory summary suspension on the ground that he had been denied due process of law when a rescission hearing was not held within 30 days after his request. The trial court denied the motion. Petitioner chose to stand on his motion to dismiss rather than to proceed with the hearing.

Petitioner contends that the statute compels the trial court to conduct a hearing within 30 days of a request. He asserts that the trial court's failure to conduct such a hearing within the 30-day period deprived him of due process of law. Conversely, the State argues that the trial court complied with the statute where it would have conducted a hearing on petitioner's first appearance date.

The pertinent statutory provision is section 2—118.1(b) of the Illinois Vehicle Code, and it provides:

> "Upon the notice of statutory summary suspension served under section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11-501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory suspension." Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).

Thus, the statute provides for two alternate dates in which rescission hearings can be conducted, either within 30 days after receipt of the written request or the first appearance date on the uniform traffic ticket.

Petitioner would have us believe that in *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510

N.E.2d 614, the court effectively eliminated the second alternate date. However, the second alternate date in the statute was not addressed by the *Trainor* court, undoubtedly since the hearing in *Trainor* was held well after petitioner's first appearance date: 88 days after arrest, and more than 56 days after a new judge was substituted. Moreover, the Illinois Supreme Court in *People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68, approved of the statutory validity and constitutionality of the second alternate date in the statute, notwithstanding the lapse of more than 30 days, when it held that a three-day, post-suspension delay of a hearing held on the second alternate date was not nearly long enough to violate due process. (*Gerke*, 123 Ill. 2d at 92, 525 N.E.2d at 71.) In the instant case, the hearing date of January 7 would have fallen only one day after commencement of the suspension.

More recently, the supreme court's holding in *Gerke* was applied in *People v. Webb* (1989), 182 Ill. App. 3d 908, 538 N.E.2d 744, when the court interpreted section 2—118.1(b) and held that due process was not violated when a hearing took place within either of the alternate time periods. The *Webb* court noted that the section 2—118.1(b) time frames were not to be viewed as exclusive, but rather, as legislative alternatives designed to afford proper due process to a motorist facing the deprivation of his driving privileges. *Webb*, 182 Ill. App. 3d at 913, 538 N.E.2d at 747.

■ Therefore, we conclude that even though this hearing date fell more than 30 days after petitioner's request, it conformed with the alternate time provision set forth in the statute. Because of our ruling, we need not resolve whether petitioner waived his request to an earlier hearing date and elected to be heard on the date of his first scheduled court appearance when he disclosed that date on his petition form.

Accordingly, we affirm the order of the circuit court of Cook County denying petitioner's motion to dismiss.

Affirmed.

. COCCIA, P.J., and MURRAY, J., concur.