THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. BERNARD A. GRESIK, Respondent-Appellant.

First District (4th Division)   No. 1—88—2195

Opinion filed November 8, 1990.

Gary W. Adair, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Joseph Brent, and Michael Latz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Bernard A. Gresik, appeals the trial court's denial of his motion seeking to have his petition to rescind a statutory suspension of his driving privileges sustained. Defendant contends that he was denied due process when the State failed to grant him a hearing on the petition to rescind the statutory summary suspension of his driving privileges within 30 days of his written demand.

On May 19, 1988, defendant was arrested and charged with driving under the influence of alcohol. According to the arresting officer's

report, defendant either refused to submit to or failed to complete the breathalyzer test and his driving privileges were summarily suspended pursuant to the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)). The arresting officer issued a citation to defendant which noted that defendant was to appear in court on June 28, 1988, six days before the summary suspension was to begin. Defendant was also notified that a statutory summary suspension of his driver's license was to become effective on July 4, 1988, 46 days after defendant's arrest. On May 23, 1988, defendant filed a written petition to suspend the statutory summary suspension. Defendant's petition noted that the court would hear arguments on the petition on June 22, 1988. On that date defendant answered ready for a hearing on the petition, but the State requested a continuance until June 28, 1988, *i.e.*, the original hearing date set by the arresting officer. The trial court granted the continuance. On June 23, 1988, defendant filed a motion seeking to rescind the statutory suspension based on the State's failure to proceed with a hearing within 30 days from the filing of the petition. On June 28, 1988, after a hearing, the trial court denied defendant's motion. Rather than proceed on the petition to suspend the statutory summary suspension, defendant requested a continuance in order to appeal the trial court's denial of the motion.

Section 2—118.1(b) of the Illinois Vehicle Code states:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request *or* the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501 ***, the hearing shall be conducted by the circuit court having jurisdiction." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).

■ The Vehicle Code expressly states that when an individual requests a hearing to have a statutory summary suspension rescinded, a hearing shall be conducted by the circuit court within 30 days after receipt of the request or the appearance date stated on the traffic citation.

In support of his argument, defendant relies on *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918. In *Trainor*, defendant requested a hearing to rescind the statutory summary suspension of his driving privileges. The hearing date

was timely set, but petitioner moved for substitution of judges. A new judge was appointed, but failed to hear petitioner within 30 days of petitioner advising the court that he had filed a petition and would like a prompt hearing. On review, the court found that when petitioner requests a hearing to rescind the statutory summary suspension, the hearing must be held within the time periods set by the statute; otherwise, defendant is entitled to rescission of summary suspension of his driver's license. *Trainor*, 156 Ill. App. 3d at 923.

The People argue that defendant's hearing to rescind the statutory summary suspension of his driving privileges was scheduled to be held within the time periods set forth in the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)) so that there was no violation of defendant's due process rights and, therefore, the suspension of defendant's driving privileges should be affirmed. We agree.

In support of its argument, the State cites *People v. Webb* (1989), 182 Ill. App. 3d 908, and *People v. Gerke* (1988), 123 Ill. 2d 85. In *Webb*, defendant was arrested on January 1, 1988, for driving under the influence of alcohol. The traffic citation, issued by the arresting police officer at the time of defendant's arrest, notified defendant to appear in court on February 5, 1988, to answer the charges contained in the citation. Defendant also received notice that his driver's license would be suspended beginning on February 16, 1988. On January 4, 1988, defendant filed a petition to rescind the statutory summary suspension of his driving privileges. The trial court conducted the hearing on defendant's petition on February 5, 1988, the appearance date contained in the citation. Defendant moved to dismiss the statutory suspension of his driving privileges, arguing that the hearing on his petition was not timely. The trial court granted defendant's motion, but the Illinois Appellate Court reversed and remanded the case and stated as follows:

> "[W]e conclude that defendant was not deprived of his due process right to a timely hearing when the hearing he requested would have taken place on the first appearance date specified on the traffic ticket. Although this date fell 31 days after his written request for a hearing, it conformed with the alternate time provision set forth in the statute, and since it was scheduled to take place 11 days before the effective date of the statutory summary suspension of his driving privileges, we conclude that due process was not violated." *Webb*, 182 Ill. App. 3d at 913-14.

In *Gerke*, our supreme court stated that "[a] hearing on the suspension, when requested, is to be conducted '[w]ithin 30 days after re-

ceipt of the written request or the first appearance date of the Uniform Traffic Ticket.' [Citation.] The first appearance date on the Uniform Traffic Ticket must be not less than 14 days but within 49 days after the date of arrest, whenever practicable. [Citation.] *** [T]he summary suspension hearing will be held not later than three days after the suspension is to become effective. *** [A] three-day delay is not nearly long enough to implicate the due process clause." *Gerke*, 123 Ill. 2d at 91-92.

■ In the present case, the hearing on defendant's petition to rescind the statutory summary suspension was heard on June 28, 1988. Defendant's petition was denied and his summary suspension began six days later on July 4, 1988. We believe that the June 28, hearing satisfied the requirements of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)) as well as due process requirements.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.