THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHANNES W. LUYTEN, Defendant-Appellant.

First District (2nd Division)  No. 1—95—4341

Opinion filed December 31, 1996.

Ahern & Maloney, of Skokie, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James Beligratis, and Gregory E. Ahern, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant Johannes W. Luyten appeals from an order of the circuit court denying his motion to rescind the statutory summary suspension of his driver's license. Defendant contends the court erred in determining the State can set a hearing date either within 30 days after receipt of defendant's request for a hearing or on the first appearance date shown on the traffic ticket.

On October 24, 1995, defendant was arrested for driving under the influence of alcohol. The officer issued defendant a traffic citation, which listed a court appearance date of December 1, 1995. On October 25, 1995, defendant received notice of the statutory summary suspension, which, pursuant to statute, was to become effective 46 days after notice of the suspension. On October 26, 1995, defendant filed a petition to rescind the summary suspension and requested a hearing pursuant to section 2—118.1(b) of the Illinois Vehicle Code (the Code) (625 ILCS 5/2—118.1(b) (West 1994)). Defendant did not mail notice of the filing to the State until November 7, 1995. The State received notice on November 9, 1995.

On December 1, 1995, the appearance date listed on defendant's traffic citation, defendant appeared in court and moved to rescind the

summary suspension on the ground that he had not received a rescission hearing within 30 days after his request. The circuit court denied defendant's motion to rescind and later denied defendant's motion to reconsider.

Defendant claims section 2—118.1(b) of the Code requires a hearing be held within 30 days after his request. He argues he was denied due process of law when the hearing was not held within 30 days of his request. The State contends section 2—118.1(b) of the Code requires a hearing either within 30 days of defendant's request or on the first appearance date. The State maintains due process requirements were met because the hearing was held on the date listed on defendant's traffic citation.

■ Section 2—118.1(b) of the Code provides in part:

"(b) Upon the notice of statutory summary suspension ***, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued *** the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension." 625 ILCS 5/2—118.1(b) (West 1994).

The Illinois Supreme Court has held that section 2—118.1(b) of the Code creates alternate dates for a hearing on a defendant's challenge to summary suspension: (1) on the first court date set in the traffic citation issued to the motorist; or (2) within 30 days of a defendant's written request for a hearing on his petition to rescind. *People v. Smith*, 172 Ill. 2d 289, 295 (1996); *People v. Schaefer*, 154 Ill. 2d 250, 253, 257-58 (1993); *People v. Gerke*, 123 Ill. 2d 85, 91 (1988). However, defendant cites *Schaefer* for the proposition that once a motorist files a proper petition for a hearing, the 30-day period commences and the motorist is entitled to a hearing within that time if the 30 days lapse before the first appearance date.

In *Schaefer*, the supreme court consolidated three cases (*People v. Schaefer*, No. 72884; *People v. Hill*, No. 72946; and *People v. Puckett*, No. 72996) involving defendants who had filed petitions for a judicial hearing to rescind their summary suspensions. The issue before the court was when the 30-day period commences for purposes of a hearing to rescind statutory summary suspension of a driver's license. The court held:

"[T]he 30-day statutory period commences on the date of the filing of a proper petition to rescind in the circuit court of venue, with service on the State, in accordance with the rules of this court. The burden to set the court hearing date would then shift to the State." *Schaefer*, 154 Ill. 2d at 261.

The court further held that, in order to comply with due process, the rescission hearing pursuant to section 2—118.1(b) must be held within 30 days unless delay is occasioned by the defendant. *Schaefer*, 154 Ill. 2d at 262.

Defendant interprets *Schaefer* as placing an unconditional burden on the State to set a hearing date within 30 days after the defendant has filed a written request for a hearing. Defendant claims that, once he made a written request for a hearing, due process required that a hearing be set within 30 days, notwithstanding the first appearance date listed on the traffic citation.

We do not interpret *Schaefer* as eliminating the first-appearance-date provision set forth in section 2—118.1(b) of the Code. The *Schaefer* court specifically acknowledged the alternate hearing dates created by section 2—118.1(b) of the Code. In its analysis, however, the court did not consider the first-appearance-date provision because it was simply not at issue in any of the consolidated appeals. In defendant Puckett's case, the petition was filed after the first appearance date. In defendant Hill's case, the first appearance date fell within the 30-day period. In defendant Schaefer's case, the petition was not properly filed. For those reasons, we believe, the court simply stated that in order to comply with due process, the rescission hearing pursuant to section 2—118.1(b) must be held within 30 days after receipt of the written request. Again, there was no need for the court to address the alternate dates listed in the traffic citations because those dates had either already passed or were not at issue.

■ Where the language of a statute is clear and unambiguous, courts must enforce the statute as written without resorting to supplemental principles of statutory construction. *People v. Rissley*, 165 Ill. 2d 364, 390-91 (1995). The plain and certain language of section 2—118.1(b) of the Code provides that a motorist is entitled to a hearing on a citation to rescind summary suspension within 30 days after the date of filing the petition or on the first court date on the traffic citation issued to him. The statute uses "or" in the disjunctive. It is not ambiguous. Accordingly, there is no reason to think the supreme court in *Schaefer* intended to change *sub silentio* the plain meaning of the statute.

■ Defendant also relies on *People v. Lagowski*, 273 Ill. App. 3d 1012 (1995), for the proposition that if the hearing is not held within 30 days after the motorist requests a hearing, due process requires rescission of the summary suspension. The facts in *Lagowski*, like those in *Schaefer*, are inapposite to the instant case. In *Lagowski*, the defendant filed a written petition to rescind the summary suspension before the first appearance date, March 5, 1993. However, the

defendant's notice of motion and proof of service specifically referred to that date as the date on which the defendant would appear for a hearing on the petition to rescind the statutory summary suspension. The court held that the defendant herself had elected the date of March 5, 1993, which caused the hearing to be held more than 30 days after the petition was filed. As the defendant had abandoned her right to an earlier date, she was not deprived of due process. *Lagowski*, 273 Ill. App. 3d at 1016. As in *Schaefer*, the court's decision focused only on the 30-day period, rather than the alternate date of the first court appearance.

Unlike *Schaefer* and *Lagowski*, several cases have addressed the specific issue at bar, namely, whether the State can properly set a hearing date either within 30 days after receipt of defendant's request for a hearing or on the first appearance date shown on the traffic ticket. In *People v. Gerke*, 123 Ill. 2d 85 (1988), the supreme court recognized the alternate date provision of section 2—118.1(b) of the Code. The court stated that the first appearance date on the traffic citation must not be less than 14 days, but within 49 days, after the date of arrest, whenever practicable. *Gerke*, 123 Ill. 2d at 91. The court further noted that in most cases the hearing will be held not later than three days after the suspension is to become effective and that a three-day delay of a post-suspension hearing is not long enough to violate due process. *Gerke*, 123 Ill. 2d at 91-92.

In *People v. Webb*, 182 Ill. App. 3d 908 (1989), the defendant was arrested on January 1, 1988, for driving under the influence of alcohol. On January 4, 1988, the defendant filed a petition to rescind the statutory summary suspension of his driver's license. The circuit court conducted the hearing on the defendant's petition on February 5, 1988, the appearance date on the traffic citation. The defendant moved to dismiss the statutory suspension on the basis that the hearing on his petition was not timely. The appellate court held:

> "[W]e conclude that defendant was not deprived of his due process right to a timely hearing when the hearing he requested would have taken place on the first appearance date specified on the traffic ticket. Although this date fell 31 days after his written request for a hearing, it conformed with the alternate time provision set forth in the statute, and since it was scheduled to take place 11 days before the effective date of the statutory summary suspension of his driving privileges, we conclude that due process was not violated." *Webb*, 182 Ill. App. 3d at 913-14.

In *People v. Gresik*, 205 Ill. App. 3d 1079, 1081-82 (1990), the court relied on both *Gerke* and *Webb* to hold that the defendant was not deprived of due process where the hearing on his petition to re-

scind the statutory summary suspension was heard on the date listed on the traffic ticket, which was more than 30 days after the defendant filed his written request for a hearing.

Finally, in *People v. Krasula*, 194 Ill. App. 3d 709, 711 (1990), the court concluded that even though the hearing date fell more than 30 days after the defendant's request, it conformed with the alternate time provision set forth in section 2—118.1(b) of the Code. In so holding, the court relied on *Gerke* and *Webb*, stating that "[t]he *Webb* court noted that the section 2—118.1(b) time frames were not to be viewed as exclusive, but rather, as legislative alternatives designed to afford proper due process to a motorist facing deprivation of his driving privileges." *Krasula*, 194 Ill. App. 3d at 711, citing *Webb*, 182 Ill. App. 3d at 913.

Defendant's response to these cases is that they were all overruled by *Schaefer*. We disagree. The *Schaefer* court framed the issue to be decided in that case as "when the statutory 30-day period within which a hearing must be held on a defendant's petition to rescind the summary suspension of driving privileges commences to run." *Schaefer*, 154 Ill. 2d at 253. That issue is very specific and, as we have previously stated, focuses only on the 30-day provision. Moreover, *Schaefer* cites *Gerke* for the proposition that the statute creates two alternate dates for hearing on a defendant's challenge to summary suspension. *Schaefer*, 154 Ill. 2d at 253. The *Schaefer* court does not even mention *Webb*, *Gresik*, or *Krasula*. Simply put, we find no basis to believe the *Schaefer* court intended to overrule its 1988 decision in *Gerke* or the aforementioned appellate court cases, let alone rewrite the clear and unambiguous language of section 2—118.1(b) of the Code.

In sum, the hearing on defendant's petition to rescind the statutory summary suspension was heard on December 1, 1995, eight days prior to the date his suspension would take effect. Even though this hearing date fell more than 30 days after defendant filed his request to rescind the statutory summary suspension, it conformed with the alternate date provision set forth in section 2—118.1(b) of the Code, as well as due process requirements. Because of our ruling, we need not address the State's contention that defendant's delay in mailing notice to the State extended the commencement of the 30-day period.

Accordingly, we affirm the order of the circuit court denying defendant's motion to rescind the statutory summary suspension.

Affirmed.

DiVITO, P.J., and McNULTY, J., concur.