THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. REBECCA JANAS, Defendant-Appellee.

First District (6th Division)    No. 1—07—2724

Opinion filed March 31, 2009.—Rehearing denied May 6, 2009.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Amy

Watroba Kern, and Robert Kline, Assistant State's Attorneys, of counsel), for the People.

William J. Luby, of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County rescinding the statutory summary suspension of the driver's license of defendant, Rebecca Janas. The State contends that the court erred in granting defendant's petition to rescind on the ground that she had not received a hearing within 30 days of the timely filing of her petition and without regard for the alternative date set forth in section 2—118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2—118.1(b) (West 2006)).

On July 11, 2007, defendant was arrested for driving under the influence of alcohol and informed that her driving privileges would be suspended for a minimum of three months. Defendant was also ticketed for improper lane usage (625 ILCS 5/11—709 (West 2006)) and failure to reduce speed to avoid an accident (625 ILCS 5/11—601(a) (West 2006)). The traffic citations and bail bond issued to defendant showed that she was required to appear in court on August 22, 2007.

On July 19, 2007, defendant filed a petition to rescind the summary suspension of her driving privileges, which pursuant to statute was to become effective 46 days after notice of the suspension (625 ILCS 5/11—501.1(g) (West 2006)). Defendant also requested an immediate hearing pursuant to section 2—118.1 of the Code (625 ILCS 5/2—118.1 (West 2006)) and served notice of that request on the State.

On August 22, 2007, the appearance date listed on her traffic citations and bail bond, defendant appeared in court and moved to rescind the summary suspension on the ground that she had not received a hearing within 30 days of her request, as required by section 2—118.1(b) of the Code. The trial court granted defendant's motion, relying on *People v. Bywater*, 223 Ill. 2d 477, 484-85 (2006), where the supreme court held that a hearing on a rescission petition must be held within 30 days of its timely filing. The trial court concluded that because defendant properly filed a written request to rescind the summary suspension of her driving privileges and served notice of that request on the State, the hearing was required to be held within 30 days of that filing and service.

In this appeal, the State contends that the trial court misinterpreted the holding articulated in *Bywater*. The State asserts that under section 2—118.1(b), a rescission hearing must take place either within

30 days of the filing of the petition or on the first appearance date listed on defendant's traffic citation. The State maintains that because it was ready to proceed with a hearing on defendant's petition on the first appearance date, August 22, 2007, the latter provision of section 2—118.1(b) was met and the trial court erred in granting defendant's petition without a hearing.

The issue of whether defendant's petition to rescind was properly granted depends on our construction of section 2—118.1(b) of the Code. The construction of a statute is a question of law, and our review, therefore, is *de novo*. *People v. Wooddell*, 219 Ill. 2d 166, 171 (2006).

The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature (*People v. Roberts*, 214 Ill. 2d 106, 116 (2005)), which is best evidenced by the language of the statute (*People v. McClure*, 218 Ill. 2d 375, 382 (2006)). When the statutory language is clear and unambiguous, a reviewing court must construe the statute as written, without resorting to other aids of construction so that no part of the statute is rendered meaningless or superfluous. *McClure*, 218 Ill. 2d at 382.

We note that the purpose of the summary suspension procedure is twofold: to quickly remove impaired drivers from our highways (*People v. Ehley*, 381 Ill. App. 3d 937, 946 (2008)); and to balance the due process rights of a driver to a prompt hearing (*People v. Mizaur*, 376 Ill. App. 3d 1066, 1068 (2007)). To that end, section 2—118.1(b) of the Code specifically provides that "[w]ithin 30 days after [the] receipt of the written request [for a hearing] *or* the first appearance date on the Uniform Traffic Ticket issued ***, the hearing *shall* be conducted by the circuit court having jurisdiction." (Emphasis added.) 625 ILCS 5/2—118.1(b) (West 2006).

The supreme court has determined that the word "or" is disjunctive, and as used in its ordinary sense, the word "or" denotes an alternative indicating the various parts of the sentence which it connects are to be taken separately. *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 145 (2006), citing *People v. Frieberg*, 147 Ill. 2d 326, 349 (1992); *People v. Roake*, 334 Ill. App. 3d 504, 511 (2002). Simply put, " 'or' means 'or,' " and this disjunctive connotes alternatives. *Schiller*, 221 Ill. 2d at 145; see also *Roake*, 334 Ill. App. 3d at 511 (word "or" implies that a series of words or phrases should be read disjunctively).

In *People v. Luyten*, 285 Ill. App. 3d 959, 962 (1996), we applied this reasoning and found that the plain language of section 2—118.1(b) provides for a summary suspension hearing within 30 days of filing the petition *or* on the first court date on the traffic citation issued to the motorist. In reaching that conclusion, we observed that the

supreme court in *People v. Smith*, 172 Ill. 2d 289, 295 (1996), *People v. Schaefer*, 154 Ill. 2d 250, 253 (1993), and *People v. Gerke*, 123 Ill. 2d 85, 91 (1988), had already held that section 2—118.1(b) of the Code created alternate dates for a hearing on defendant's summary suspension challenge. *Luyten*, 285 Ill. App. 3d at 961.

Accordingly, we rejected defendant's claim that the supreme court in *Schaefer*, 154 Ill. 2d at 262, intended to change *sub silentio* the plain meaning of the statute when it held that due process requires the hearing on defendant's petition to be held within 30 days of its filing unless delay is occasioned by defendant. Rather, we noted that the first-appearance-date provision was not at issue in *Schaefer*, and thus, there was no need for the supreme court to address the alternative date. *Luyten*, 285 Ill. App. 3d at 962.

We likewise distinguished *People v. Lagowski*, 273 Ill. App. 3d 1012 (1995), also cited by defendant, where, as in *Schaefer*, the court also focused solely on the 30-day period without regard for the alternate first court appearance date. *Luyten*, 285 Ill. App. 3d at 963. We reach the same conclusion here under similar circumstances and in light of the supreme court's decision in *Bywater*.

In this case, defendant filed a written request to rescind the summary suspension of her driving privileges on July 19, 2007. Defendant further requested an immediate hearing pursuant to section 2—118.1(b) and served notice of that request on the State. No such hearing was held between July 19, 2007, and 30 days thereafter. On August 22, 2007, the first appearance date listed on defendant's traffic citation, defendant moved to rescind the summary suspension because a hearing was not held within 30 days of her filing the petition. The trial court granted her motion, and in doing so, rejected the precise argument urged by the State before this court, *i.e.*, that *Bywater* is inapplicable to the circumstances here because that case dealt only with the 30-day time limit for conducting a hearing and not the alternate date provision. Moreover, as the supreme court pointed out in *Gerke*, 123 Ill. 2d at 91-92, a presuspension hearing is not constitutionally required, and, in most cases, a delay does not implicate due process concerns because the hearing will be had on or about the first appearance date and before the suspension is effective. *Luyten*, 285 Ill. App. 3d at 964.

Thus, given the unambiguous language of the statute, and the cited authority, we continue to adhere to our decision in *Luyten* that section 2—118.1(b) is stated in the disjunctive and that it provides for alternative dates for a hearing on a summary suspension challenge. To adopt the interpretation urged by defendant would require us to look beyond the plain language of the statute which denotes alternatives,

and to add the words "whichever is sooner." If the legislature had intended this result, it would have used those words in the statute. See *People v. Acosta*, 331 Ill. App. 3d 1, 6 (2001) (had the legislature intended, it would have provided that the last specified event commenced the running of the limitations period rather than the first).

Accordingly, where the record shows that the State was ready to proceed with the summary suspension hearing on the first appearance date, albeit 34 days after defendant's written request, but before the effective date of the suspension, we conclude that the trial court erred in granting defendant's petition to rescind on the basis of timeliness. *People v. Webb*, 182 Ill. App. 3d 908, 913 (1989). We therefore reverse the order granting defendant's petition to rescind the statutory summary suspension of her driving privileges and remand this cause to the circuit court of Cook County for further proceedings.

Reversed and remanded.

O'MALLEY, P.J., and J. GORDON, J., concur.