914 N.E.2d 506 (2009)
393 Ill. App.3d 205
The PEOPLE of The State of Illinois, Plaintiff-Appellant,
v.
Alexander D. MIKLOS, Defendant-Appellee.
No. 3-08-0580.
Appellate Court of Illinois, Third District.
July 17, 2009.
*507 Terry A. Mertel, Deputy Director State's Attorneys Appellate Prosecutor, Richard T. Leonard (argued), State's Attorneys Appellate Prosecutor, Ottawa, IL, James Glasgow, State's Attorney, Joliet, IL, for Appellant.
Ted P. Hammel (argued), Sarah M. Vahey, Frank P. Andreano, Brumund, Jacobs, Hammel, Andreano & Davidson, LLC, Joliet, IL, for Appellee.
Justice LYTTON delivered the opinion of the court:
Defendant, Alexander Miklos, was arrested for driving under the influence (625 ILCS 5/11-501(a)(2) (West 2006)). He filed a petition to rescind his summary suspension. A hearing was scheduled 22 days later but was continued until the appearance date on defendant's ticket, 8 days after defendant's statutory summary suspension began. Defendant filed a motion to dismiss, which the trial court granted. We hold that section 2-118.1(b) of the Illinois Vehicle Code (625 ILCS 5/2-118.1(b) (West 2006)) allows a hearing on a defendant's summary suspension to take place on defendant's appearance date but that defendant was deprived of due process when his hearing was continued beyond the effective date of his suspension.
On May 24, 2008, defendant was arrested for driving under the influence of alcohol in violation of section 11-501 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(2) (West 2006)). He was issued a traffic citation which directed him to appear in court on July 17, 2008. The officer also served defendant with a notice of summary suspension of his driving privileges for refusing to submit to a breath test. The notice instructed defendant that his suspension would take effect on the *508 forty-sixth day after he was given the notice. Defendant later received a letter from the Illinois Secretary of State confirming that his summary suspension would become effective on July 9, 2008.
On June 11, 2008, defendant filed a petition to rescind his summary suspension. On June 16, 2008, the State filed a motion requesting that a summary suspension hearing be set within 30 days of the date defendant filed his petition. That same day, the State sent notice to defendant that his hearing would be held on July 2, 2008.
On July 2, 2008, the prosecutor and defendant appeared in court for the hearing and announced that they were ready to proceed. Moments later, the prosecutor said she was not ready to proceed because the arresting officer was not available for the hearing. She then asked to withdraw her motion for the hearing date. Defendant objected, but the trial court granted the prosecutor's request. The next day, the State filed a new "motion for summary suspension hearing" and sent notice to defendant that his hearing would be held on July 17, 2008, the appearance date on defendant's ticket.
On July 15, 2008, defendant filed a motion to dismiss his statutory summary suspension, arguing that he was not provided a timely hearing. On July 17, 2008, a hearing was held. At the conclusion of the hearing, the trial court granted defendant's motion to dismiss because defendant was not afforded a timely hearing.

I
The State argues that the trial court erred in granting defendant's motion to dismiss because defendant's summary suspension hearing was held on the date indicated in his traffic citation, as authorized by section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2006)). Defendant responds that the Code required his hearing to be held within 30 days of the date he filed his petition to rescind.
The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. Bywater, 223 Ill.2d 477, 481, 308 Ill.Dec. 424, 861 N.E.2d 989, 992 (2006). The best indication of that intent is the language of the statute, given its plain and ordinary meaning. Bywater, 223 Ill.2d at 481, 308 Ill. Dec. 424, 861 N.E.2d at 992. When the language is unambiguous, the statute must be applied as written so that no part of the statute is rendered meaningless or superfluous. Bywater, 223 Ill.2d at 481, 308 Ill.Dec. 424, 861 N.E.2d at 992. Statutory construction is subject to de novo review. Bywater, 223 Ill.2d at 481, 308 Ill.Dec. 424, 861 N.E.2d at 992.
Section 11-501.1 of the Illinois Vehicle Code requires the Secretary of State to summarily suspend the driver's licenses of motorists who are arrested for driving under the influence and refuse to submit to blood-alcohol testing. 625 ILCS 5/11-501.1 (West 2006). The principle concern of the summary suspension legislation is to protect travelers while at the same time protecting the constitutional rights of the motorists who may be charged with driving under the influence. People v. Schaefer, 154 Ill.2d 250, 261, 182 Ill.Dec. 26, 609 N.E.2d 329, 334 (1993). To this end, section 2-118.1 of the Vehicle Code allows a motorist to challenge the statutory summary suspension. 625 ILCS 5/2-118.1 (West 2006).
Section 2-118.1(b) also provides timelines for the parties and the court:
"Within 90 days after the notice of statutory summary suspension served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *509 * * * Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11-501, * * * the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension." 625 ILCS 5/2-118.1 (b) (West 2006).
Courts must examine the words used in a statute to determine the legislature's intent. See Bywater 223 Ill.2d at 481, 308 Ill.Dec. 424, 861 N.E.2d at 992. The word "or" is disjunctive. Elementary School District 159 v. Schiller, 221 Ill.2d 130, 145, 302 Ill.Dec. 557, 849 N.E.2d 349, 359 (2006). It marks an alternative indicating that the various parts of the sentence which it connects are to be taken separately. Schiller, 221 Ill.2d at 145, 302 Ill.Dec. 557, 849 N.E.2d at 359. "In other words, `or' means `or.'" Schiller, 221 Ill.2d at 145, 302 Ill.Dec. 557, 849 N.E.2d at 359.
The plain language of section 2-188.1(b) creates alternate dates for a hearing on a defendant's challenge to a statutory summary suspension: (1) within 30 days of a defendant's request for a hearing on his petition to rescind; or (2) on the court date set in the traffic citation issued to the defendant. This interpretation is consistent with holdings of the supreme court and First District Appellate Court. See Schaefer, 154 Ill.2d at 257, 182 Ill.Dec. 26, 609 N.E.2d at 332; People v. Janas, 389 Ill.App.3d 426, 430, 329 Ill.Dec. 488, 906 N.E.2d 686, 689 (2009); People v. Luyten, 285 Ill.App.3d 959, 962, 221 Ill.Dec. 364, 675 N.E.2d 271, 274 (1996); People v. Krasula, 194 Ill.App.3d 709, 710, 141 Ill.Dec. 362, 551 N.E.2d 355, 357 (1990); People v. Gresik, 205 Ill.App.3d 1079, 1081, 151 Ill. Dec. 152, 564 N.E.2d 129, 131 (1990); People v. Webb, 182 Ill.App.3d 908, 913, 131 Ill.Dec. 369, 538 N.E.2d 744, 747 (1989). Adopting defendant's interpretation of section 2-118.1(b) would render a portion of the statute meaningless and require us to look beyond the statute's plain language. We decline to do so.
We are aware that this court previously held that the Code requires the State to hold a hearing within 30 days of the filing of a petition to rescind. See People v. Puckett, 221 Ill.App.3d 594, 597, 164 Ill. Dec. 17, 582 N.E.2d 225, 226 (1991); People v. Johnson, 202 Ill.App.3d 809, 811, 148 Ill.Dec. 128, 560 N.E.2d 430, 431 (1990). However, in those cases, the issue was whether hearings had to be scheduled within 30 days of the filing of the petition to rescind. The courts did not reach or discuss the alternative appearance date in the statute. Thus, they are not controlling here.
We hold that the State complies with section 2-118.1(b) when it schedules a hearing on a defendant's petition to rescind on the date indicated on the traffic citation even if that date is more than 30 days after the defendant filed his petition to rescind.

II
Defendant argues that his due process rights were violated when his hearing was originally set for 22 days after he filed his petition to rescind and then rescheduled for 15 days later, 8 days after his summary suspension began.
Due process is not a technical concept unrelated to time, place and circumstances, but rather, a flexible concept which calls for such procedural protections as a particular situation demands in order to protect an individual from arbitrary action of government. Webb, 182 Ill.App.3d at 912, 131 Ill.Dec. 369, 538 N.E.2d at 747. The most important criterion in the area of due process is "reasonableness." Webb, *510 182 Ill.App.3d at 912, 131 Ill.Dec. 369, 538 N.E.2d at 747. We review de novo whether defendant was denied due process. People v. K.S., 387 Ill.App.3d 570, 573, 326 Ill.Dec. 1028, 900 N.E.2d 1275, 1278 (2008).
A driver's license is considered a protectible property interest. Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d at 334. As such, the due process clause governs suspension of driving privileges. Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d at 334; People v. Millner, 245 Ill.App.3d 597, 598, 185 Ill. Dec. 761, 615 N.E.2d 56, 57 (1993). Due process does not require a presuspension hearing when the State seeks summary suspension of a driver's license. See People v. Gerke, 123 Ill.2d 85, 91, 121 Ill.Dec. 262, 525 N.E.2d 68, 71 (1988). However, due process requires a prompt postsuspension hearing. People v. Eidel, 319 Ill. App.3d 496, 505, 253 Ill.Dec. 613, 745 N.E.2d 736, 745 (2001).
A delay in a postsuspension hearing may, in itself, become a constitutional violation. People v. Fisher, 184 Ill.2d 441, 459, 235 Ill.Dec. 454, 705 N.E.2d 67, 77 (1998). In order to determine the constitutionality of a delay, it is appropriate to examine (1) the importance of the private interest and the harm to the private interest occasioned by the delay, (2) the justification offered by the State for the delay and its relationship to the underlying governmental interest; and (3) the likelihood that the interim decision may have been mistaken. Fisher, 184 Ill.2d at 459, 235 Ill.Dec. 454, 705 N.E.2d at 77.
When a defendant files a petition to rescind his summary suspension with the clerk of the circuit court and sends a copy to the State's Attorney's office, he has fulfilled his obligations under section 2-118.1(b). Schaefer, 154 Ill.2d at 260, 182 Ill.Dec. 26, 609 N.E.2d at 334; Johnson, 202 Ill.App.3d at 811, 148 Ill.Dec. 128, 560 N.E.2d at 431. The burden then shifts to the State to ensure that a hearing is held within the time constraints set forth in section 2-118.1(b) because the State is in the "best position to know court schedules, court dates for police officers, and the other matters incident to an orderly administration of this legislation." Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d at 334. An officer's presence at a summary suspension hearing is unnecessary because "[t]he hearing may be conducted upon a review of the law enforcement officer's own official reports." 625 ILCS 5/2-118.1(b) (West 2006).
In this case, defendant filed a petition to rescind his summary suspension on June 11, 2008, 18 days after he was arrested for driving under the influence and 28 days before his summary suspension was to become effective. The State scheduled defendant's summary suspension hearing for 22 days after defendant filed his petition to rescind. On the date of the scheduled hearing, the prosecutor announced that she was ready to proceed but then changed her mind because the officer was not present. The State then chose to reschedule the hearing for 15 days later, a date that was 36 days after defendant filed his petition and 8 days after the effective date of his summary suspension.
Based on these facts, we find that the State violated defendant's due process rights. The State required defendant to appear in court for a hearing on a date that the State chose and then informed defendant that the hearing would not proceed because the officer was not available. However, the officer's presence at the hearing was not required because the State could have presented its case through the officer's official reports. See 625 ILCS 5/2-118.1(b) (West 2006). The State then chose not to hold a hearing prior to defendant's summary suspension but, rather, received the court's permission *511 to reschedule defendant's hearing for over two weeks later and eight days after defendant's summary suspension began. By refusing to proceed with the summary suspension hearing on the date it was originally scheduled and rescheduling defendant's hearing for a date well over 30 days after defendant filed his petition and over a week after the effective date of his summary suspension without any justification, the State denied defendant of his "protectible property interest" in his driver's license and deprived him of his right to a prompt hearing. See Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d at 334; Eidel, 319 Ill.App.3d at 505, 253 Ill.Dec. 613, 745 N.E.2d at 745. The trial court did not err in dismissing the statutory summary suspension.
The judgment of the circuit court of Will County is affirmed.
Affirmed.
O'BRIEN, PJ., and McDADE, J., concur.