2025 IL App (2d) 240557-U
No. 2-24-0557
Order filed July 31, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-MX-216 |
| CAITLIN SANDLASS, | ) ) | Honorable Ari P. Fisz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   In a statutory summary suspension proceeding in which defendant had filed a petition to rescind the suspension, a continuance entered before the Secretary of State (Secretary) confirmed the suspension was not attributable to defendant despite her agreement to the continuance, because, under our precedent, the trial court cannot hold a rescission hearing until the Secretary confirms the suspension.

¶ 2   Defendant, Caitlin Sandlass, appeals from the denial of her petition to rescind the summary suspension of her driving privileges. She contends that the trial court erred in denying her petition, because she was not provided with a timely hearing as required under section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West 2022)). At issue is whether the trial

court abused its discretion in attributing to defendant the delays occasioned from (1) May 10 through May 17, 2024, and (2) May 17 through June 14, 2024. If either delay is attributed to the State, the hearing would be untimely. For the reasons that follow, we find that the trial court abused its discretion in attributing to defendant the delay from May 10 through May 17, 2024. Accordingly, we reverse.

¶ 3                                    I. BACKGROUND

¶ 4     The parties do not dispute that, on April 21, 2024, defendant was charged by citation with various traffic offenses, including two counts of driving under the influence (DUI) (*id.* § 11-501(a)(2), (a)(5)).[1] Further, the parties do not dispute that defendant was charged by complaint with unlawful possession of cannabis (720 ILCS 550/4(d) (West 2022)) in Lake County Circuit Court Case No. 24-CF-817.[2] The charges arose from a traffic stop on April 21, 2024.

¶ 5     On April 22, 2024, defendant filed a petition to rescind the summary suspension in case No. 24-MX-216. The "NOTICE OF HEARING," filed that same day, set the matter for a hearing on May 10, 2024.

¶ 6     On May 10, 2024, the parties appeared before Judge Ari P. Fisz.[3] Defendant appeared via Zoom with her counsel, James K. Jenks, III. The following transpired:

> "MR. WINDMOELLER [(ASSISTANT STATE'S ATTORNEY)]:
>
> ***

---

[1]The traffic citation is not included in the common law record.

[2]The complaint is not included in the common law record.

[3]The cover sheet of the report of proceedings erroneously indicates that the proceedings transpired on May 25, 2024, before Judge Raymond D. Collins.

This is a petition to rescind. The defense filed—The confirmation of summary suspension has not been filed with the [c]ourt yet, Judge. So I don't believe you have jurisdiction to hear the triple S [statutory summary suspension] yet. There is also a CF number that's being heard in first appearance court. It's 24[-]CF[-]817 in T020 on May 17th at 9:00 a.m. So I suppose we should send that to follow, Judge.

THE COURT: Okay. Did you say this was with Mr. Jenks?

MR. WINDMOELLER: Jenks, who's—

THE COURT: Okay. Mr. Jenks, can you unmute yourself. Good morning, Mr. Jenks.

MR. JENKS [(DEFENSE COUNSEL)]: I don't know if you can hear me?

THE COURT: We're able to hear you now.

The prosecutor wants our case to follow the felony on May 17th at 9:00 o'clock. Do you have any problem with that?

MR. JENKS: N[o].

THE COURT: What's the defendant's name on this again?

MR. WINDMOELLER: Caitlin Sandlass.

MR. JENKS: I might need to log back in.

THE COURT: Mr. Jenks, are you able to hear me?

Oh, wait a minute. Mr. Jenks, are you able to hear me? I think we lost Mr. Jenks. So I'm sure he'll rejoin us. You can call something else, if you'd like.

\*\*\*

(A brief recess was had.)

MR. WINDMOELLER: Recalling, Judge, 24[-]MX[-]216, the Petition of Caitlin Sandlass.

THE COURT: All right, Mr. Jenks. Good morning.

MR. JENKS: Good morning, Your Honor. James Jenks on behalf of Ms. Sandlass, who's present with me on Zoom.

\*\*\*

THE COURT: All right. So your client has a case that's up, a felony case that's up on May 17th at 9:00 o'clock here in Lake County. Is that right, Mr. Jenks?

MR. JENKS: Yes, Judge.

THE COURT: All right. What I would typically do is send this one to follow that one. Any problem with that?

MR. JENKS: Nope.

THE COURT: All right. We'll consolidate the cases. Do you need an order?

THE CLERK: And case number. Yes, I do.

THE COURT: Do you need the CF case number?

MR. JENKS: And that was the order for–

THE COURT: All right. The CF case number, please.

MR. WINDMOELLER: 24[-]CF[-]817.

THE CLERK: Okay. And I need a reassignment.

THE COURT: A reassignment order?

THE CLERK: Uh-huh.

MR. WINDMOELLER: I'll get you that, Judge.

THE COURT: Thank you, Mr. Windmoeller. We're going to do a reassignment order, Mr. Jenks. So this case will follow that one. And then May 17th at 9:00, I assume?

MR. WINDMOELLER: Yes, Judge.

THE COURT: All right. May 17th at 9:00 o'clock, Courtroom T020, Mr. Jenks.

MR. JENKS: Thank you, Your Honor. Have a good day."

¶ 7  The parties next appeared before Judge Raymond D. Collins on May 17, 2024. The report of proceedings is designated as case No. 24-CF-817. The State indicated that it was defendant's "first appearance" and that the State had a "public safety assessment" pertaining to defendant's eligibility for pretrial release. After setting conditions of pretrial release, the trial court inquired as to which judge the case was assigned, and the following transpired:

"UNIDENTIFIED SPEAKER: Judge Strickland.

THE COURT: Is it going to stay here?

UNIDENTIFIED SPEAKER: It's—

THE COURT: Judge Strickland is on a Tuesday morning. Is there—how far do you want to go out? June 11th? June 18th? June 25th?

MR. JENKS: If it's motion State, whatever.

THE COURT: It doesn't matter? When are you back up here?

MR. JENKS: I'm not.

THE COURT: You're not?

MR. JENKS: I'm usually in Cook.

THE COURT: How about June 25th at 9:00 o'clock, status of preliminary hearing.

***

MR. JENKS: This is motion State, correct?

THE COURT: For the date? It's got to be motion you if you don't—unless you want a preliminary hearing.

MR. JENKS: No. I'd rather have motion—order is motion State.

THE COURT: Just for a status?

MS. ELFARRA [(ASSISTANT STATE'S ATTORNEY)]: Well, no, Judge. If this is—I mean, is he demanding prelim?

THE COURT: Do you want a preliminary hearing date?

MR. JENKS: (No response.)

THE COURT: Or you can just—by agreement you can go—

MS. ELFARRA: (unintelligible)

THE COURT: By agreement you can go to the 25th for status of prelim.

MS. ELFARRA: Judge, we're not asking for a status date. So if he (unintelligible) to resolve it down here, then we can get a preliminary hearing date.

THE COURT: Do you want to resolve it down here?

MR. JENKS: We can try, Judge. It's just—I have no problem going by agreement on the criminal case, but I did file a petition to rescind on the DUI charge.

THE COURT: Right, it will go to a DUI courtroom.

MR. JENKS: So that would—order of court or motion State.

MS. ELFARRA: The MX was in a DUI courtroom. That judge consolidated with the felony and sent it down here because it's a separate MX case. We are not sure if it should now be all under the felony because the felony case does have a DUI charge, so we're not sure what's what.

MR. JENKS: So misdemeanor DUI—

THE COURT: So you don't want to by agreement continue the petition to rescind?

MR. JENKS: No.

THE COURT: Well, then we have to set it for hearing in a courtroom. What courtroom is it going to?

MS. ELFARRA: That would go to T110. It's a DUI thing. It would be a Friday at 9:00 a.m.

THE COURT: June 14th, 9:00 o'clock, T110.

MR. JENKS: And that's order of court?

THE COURT: Yes.

MR. JENKS: Sounds good. June what?

THE COURT: June 14th.

MR. JENKS: Do you want—

THE COURT: And we'll keep the felony down here on the other date."

¶ 8    On May 28, 2024, defendant filed a motion to grant her petition to rescind the summary suspension. Defendant argued that the State failed to hold a hearing on the petition within 30 days of its filing, as required under section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2022)), and that defendant had occasioned no delay.

¶ 9    On June 5, 2024, the trial court—Judge Fisz—heard defendant's motion. Defendant's counsel argued that, because the hearing on the petition to rescind was not held within 30 days of the petition's April 22, 2024, filing date—which, according to counsel, would have been by May 22, 2024—the petition should be granted. In response, the State argued that defendant had agreed to continuances on both May 10 and May 17 and that, thus, the petition was timely. Counsel maintained that defendant did not agree to a continuance on either date. The court asked counsel

if he informed Judge Collins on May 17 that a continuance to June 14 would place the hearing outside the 30-day limit. Counsel answered, "I did not. It's not my responsibility to tell the [c]ourt or the State once it was filed." After further argument, counsel requested that the matter be continued for the court to review the transcripts from the May 10 and May 17 proceedings before ruling. The court agreed.

¶ 10    The hearing before Judge Fisz resumed on June 14, 2024. After hearing the parties' arguments, the trial court ruled as follows. The court found that, although defendant's traffic citations showed a first appearance date of May 17, 2024, the clerk's office automatically generated a hearing date of May 10, 2024, when defendant filed her petition to rescind on April 22, 2024. The court noted that 18 days had passed from the filing of the petition to May 10, 2024, and that those days were attributable to the State.

¶ 11    The trial court then considered what transpired on May 10, 2024. The court noted that it told defense counsel that " '[t]he prosecutor wants our case to follow the felony on May 17th at 9:00 o'clock.' " When the court asked counsel if he had " 'any problems with that,' " counsel replied, " 'No.' " In light of that exchange, the court remarked:

"It's true that there was no confirmation of the summary suspension. But as I just indicated, I told [defense counsel] exactly what I intended to do which was have this case follow the felony for status on May 17th. I asked him if he had any problem with that, and he said, 'No.'

So that is obviously not an objection. So the [c]ourt finds that that continuance was by agreement of the defendant. So the seven days from May 10th to May 17th do not count against the State for purposes of the 30-day calculation."

In addition, the court acknowledged that, although the clerk's minute order indicated that the case was set for " 'hearing on motion' " on May 17, a review of the transcript established that the notation was "inaccurate." Rather, "[t]he case was set on May 17th in T-020 for first appearance pursuant to the tickets received by the defendant with the petition to rescind matter set to follow the felony case for status." The court further found that defense counsel did not "request that it be set for hearing."

¶ 12    The trial court next addressed what transpired before Judge Collins on May 17, 2024. The court noted that, at the outset of the hearing, Judge Collins had been unaware of the pending petition to rescind summary suspension, given that the felony matter was "up for first appearance." The court further noted that Judge Collins, after setting pretrial conditions, inquired of defense counsel as to whether counsel wanted the matter "set for status of preliminary hearing in Courtroom T-020" or have it "sent to the felony courtroom and in front of Judge Strickland as soon as possible." The court noted that, when Judge Collins suggested three different court dates for a status on the preliminary hearing, counsel responded, " 'If it's motion State, whatever.' " The court emphasized that, at this point, Judge Collins was still unaware of the pending petition to rescind. Counsel then told Judge Collins about the pending petition to rescind; when Judge Collins suggested the date of June 14, counsel inquired as to whether it was by " 'order of [c]ourt.' " When Judge Collins stated, " Yes,' " counsel responded, " 'Sounds good.' "

¶ 13    The trial court concluded that the time from May 17 through June 14, 2024, counted against defendant. Relying on our reasoning in *People v. Boyd*, 2023 IL App (2d) 220053, the court found that defendant engaged in "gamesmanship." The court stated that, when defendant's counsel finally told Judge Collins about the petition to rescind, counsel did not reveal that 18 days had already elapsed, and, further, when Judge Collins suggested a date that was "28 days down the

2025 IL App (2d) 240557-U

road," counsel "accepted that court date without objection so long as it was by order of [c]ourt." The court stated:

> "It is not unreasonable to assume that [counsel] knew on May 17th at that court hearing that if those 28 days between then and the June 14th date were counted against the State the 30-day requirement would be violated. So [counsel] did not object to the suggested court date nor did he suggest an earlier date to give his client as prompt a hearing as possible. In fact, when we had our hearing last time on this case, [counsel] said on the record that he did not believe that it was his duty to inform the [c]ourt that a date that the [c]ourt sets would be outside of—would cause the case to be outside of the 30-day requirement."

The court stated that counsel was using section 2-118.1 of the Code as a sword, rather than a shield. The court further stated that counsel's actions "fly in the face" of section 2-118.1's goal of "promot[ing] public safety on the roads while also ensuring swift hearings on petitions." Thus, the court concluded that the period between May 17 and June 14, 2024, would also be counted against defendant.

¶ 14 The matter was continued on the State's motion to June 18, 2024, with the additional four days counting against the State. (Thus, given the trial court's ruling, as of June 18, 2024, 22 days were attributable to the State from the petition's filing date.)

¶ 15 On June 18, 2024, the matter was continued on the State's motion to June 20, 2024. (Thus, given the trial court's ruling, as of June 20, 2024, 24 days were attributable to the State from the petition's filing date.)

¶ 16 On June 20, 2024, the trial court held a hearing on the petition to rescind the summary suspension. Defendant clarified that she was contesting only whether the arresting officer had

reasonable grounds to believe that defendant was driving or in actual physical control of a motor vehicle while under the influence of alcohol or drugs. Following testimony from the arresting officer, the State moved for a directed finding. The court granted the State's motion and denied the petition to rescind.

¶ 17    On July 11, 2024, defendant filed a motion to reconsider the denial of her motion to grant her petition to rescind the summary suspension. She contended that the trial court erred in attributing to defendant the delays from May 10 through May 17, 2024, and from May 17 through June 14, 2024. The State filed a response, and defendant filed a reply.

¶ 18    On August 22, 2024, following a hearing, the trial court denied the motion to reconsider. During the hearing, defendant's counsel argued that, under *People v. Madden*, 273 Ill. App. 3d 114 (1995), because there was no confirmation of the summary suspension as of the May 10, 2024, hearing, the delay from May 10 through May 17, 2024, was attributable to the State. Counsel further argued that when he appeared on May 17, 2024, he had no duty to tell the State the deadline for the hearing on his petition to rescind and that he did not engage in wrongdoing by staying silent.

¶ 19    In denying the motion, the trial court stated that it had not heard anything new that would warrant a different result. The court stated further that "it's now definitely clear that [counsel] knew at the time that he asked Judge Collins if it was order of court that the next court date *** would be beyond the 30 days, and he didn't say anything." The court again emphasized "that type of gamesmanship is not something that is encouraged in the law." When the court asked how defendant would like to proceed, counsel advised that the criminal case had been resolved.

¶ 20    This timely appeal followed.

¶ 21                              II. ANALYSIS

¶ 22    At issue in this appeal is whether the trial court erred in denying defendant's motion to grant her petition to rescind her summary suspension, based on the State's alleged failure to hold a hearing on the petition within 30 days of its filing. Defendant argues that the court erred in attributing to defendant the delays from (1) May 10 through May 17, 2024, and (2) May 17 through June 14, 2024.

¶ 23    Initially, we address the State's motion to strike defendant's statement of facts and part of defendant's argument. The State correctly notes that defendant's statement of facts does not cite to the record and contains instances of inappropriate argument and comment in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) (requiring that the facts be "stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal"). Further, the State correctly notes that defendant's argument also fails to cite the record, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (requiring that the argument section contain citation to "the pages of the record relied on"). As the State points out, briefs violating the rules above may be stricken in whole or in part. See *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37 ("Where a brief has failed to comply with the rules, we may strike portions of the brief or dismiss the appeal, should the circumstances warrant."). However, the State has provided its own statement of facts, supported by record references. Also, we have conducted our own review of the record, which is relatively short and straightforward. Because defendant's briefing violations do not hinder our review, we decline to strike any part of her brief. See *People v. Gutierrez*, 2024 IL App (2d) 230260, ¶ 25. Nevertheless, we admonish counsel to carefully follow the supreme court rules in future submissions.

¶ 24    We turn to the merits. Per section 11-501.1(e) of the Code (625 ILCS 5/11-501.1(e) (West 2022)), upon receipt of a sworn report of a law enforcement officer, the Secretary of State

(Secretary) is required to summarily suspend the driver's license of any motorist arrested for DUI who refuses testing or tests above the legal alcohol-concentration limit. The statutory summary suspension "shall take effect on the 46th day following the date the notice of the statutory summary suspension *** was given to the person." *Id.* § 11-501.1(g).

¶ 25    Section 2-118.1(b) of the Code (*id.* § 2-118.1(b)) provides that, within 90 days of receiving the notice of the impending suspension of driving privileges, a motorist may seek rescission of the suspension by making a written request for a judicial hearing. "[A] defendant 'shall' be given a hearing on his petition to rescind within 30 days after the petition is received or on the first appearance date." *People v. Patel*, 2019 IL App (2d) 170766, ¶ 13 (quoting 625 ILCS 5/2-118.1(b) (West 2016)). " 'The word "shall" conveys that the legislature intended to impose a mandatory obligation.' " *Id.* (quoting *People v. Moreland*, 2011 IL App (2d) 100699, ¶ 8). "The failure to comply with the requirements of section 2-118.1(b) [of the Code] results in the rescission of the suspension, unless the delay is 'occasioned by the defendant.' " *Id.* (quoting *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987)) (rescission is required when the defendant, through no fault of her own, is not given a timely hearing). That is, "a defendant is not entitled to a rescission if the defendant caused the hearing to be delayed." *Moreland*, 2011 IL App (2d) 100699, ¶ 10. "[T]he purpose of the summary suspension procedure is twofold: to quickly remove impaired drivers from our highways [citation]; and to balance the due process rights of a driver to a prompt hearing." *People v. Janas*, 389 Ill. App. 3d 426, 428 (2009).

¶ 26    Here, defendant filed her petition on April 22, 2024, but the hearing did not occur until June 20, 2024, which was 59 days after the petition's filing. There is no dispute that the 18-day delay from April 22 through May 10, 2024, and the 6-day delay from June 14 through June 20,

2024, are attributable to the State. With 24 of the 59 days already attributable to the State, the hearing was timely only if the trial court was correct in attributing to defendant both the 7-day delay between May 10 and May 17, 2024, and the 28-day delay between May 17 and June 14, 2024.

¶ 27    We review for an abuse of discretion the court's decision to attribute time to defendant. See *Patel*, 2019 IL App (2d) 170766, ¶ 14 (analogizing section 2-118.1(b) of the Code to the criminal speedy-trial statute). "An abuse of discretion occurs only where the trial court's ruling is arbitrary, fanciful, or so unreasonable that no reasonable person could take the trial court's view." *People v. Cross*, 2022 IL 127907, ¶ 24.

¶ 28    We first consider whether the trial court abused its discretion in attributing to defendant the delay between May 10 and May 17, 2024. According to defendant, because the Secretary had not yet confirmed the summary suspension of her driver's license, this delay was attributable to the State. The State responds that, regardless of whether the suspension was confirmed, the delay is attributable to defendant because she expressly agreed to the continuance.

¶ 29    In support of her position, defendant relies solely on *Madden*. There, on September 3, 1994, the defendant was arrested for DUI and served with notice of summary suspension. *Madden*, 273 Ill. App. 3d at 114. On September 30, 1994, he filed his petition to rescind the summary suspension. *Id.* A hearing date was set for October 20, 1994. *Id.* At the hearing, both the State and defense counsel informed the trial court that the defendant's driver's abstract did not yet show a pending suspension. *Id.* at 115. The court concluded that the matter was not "ripe" and dismissed the petition with leave to reinstate. *Id.* The defendant did not object. *Id.* On November 5, 1994, the defendant received confirmation of the summary suspension, and, on November 18, 1994, moved to reinstate his petition. *Id.* After the motion to reinstate was granted, the defendant moved to

dismiss his summary suspension because more than 30 days had passed since he initially filed his petition to rescind. *Id.* The court denied the motion and later, following a hearing, denied the petition to rescind. *Id.*

¶ 30    The Third District reversed on appeal. *Id.* at 116. The reviewing court found that the delay occasioned by the lack of confirmation was attributable to the State. *Id.* at 115-16. The court rejected the State's argument that, because the defendant failed to object to the trial court's dismissal of the petition, the delay should be attributed to the defendant. *Id.* at 115. The court held that the delay was attributable to the State because it "was the result of inaction by the Secretary's office rather than by the defendant" and the defendant "acted promptly" in filing his petition. *Id.* In so holding, the court stated: "A suspension may not be rescinded until it has been confirmed." *Id.* at 116.

¶ 31    In response to defendant's argument, the State acknowledges *Madden* and notes further that we followed *Madden* in *Moreland*. In *Moreland*, on May 1, 2010, the defendant was arrested for DUI and served with notice of summary suspension. *Moreland*, 2011 IL App (2d) 100699, ¶ 2. On May 4, 2010, he filed his petition to rescind the summary suspension. *Id.* ¶ 3. At the first scheduled court date, on May 21, 2010, the parties agreed that there was no confirmation of summary suspension in the court file. *Id.* When the defendant indicated that he was ready to proceed on the petition, the trial court questioned "whether without a confirmation from the Secretary, there was a suspension to rescind." *Id.* The court struck the petition over the defendant's objection. *Id.* On May 24, 2010, the confirmation of summary suspension was filed. *Id.* ¶ 4. On June 4, 2010, 31 days after the defendant filed the initial petition, he moved to rescind the suspension, arguing that he was not given a hearing within 30 days of its filing. *Id.* On June 7, 2010, he moved to reinstate his petition, which the court granted. *Id.* Thereafter, the court granted

the petition to rescind because (1) the defendant was not afforded a hearing within 30 days after filing his petition and (2) the delay was not attributable to him. *Id.*

¶ 32　On appeal, we agreed that the defendant was entitled to rescission because he was not afforded a hearing by June 3, 2010—30 days after he first filed his petition. *Id.* ¶ 8. Citing *Madden*, we noted that the trial court correctly determined that "without a confirmation of the suspension, there is not a suspension for the trial court to rescind." *Id.* ¶ 9. Furthermore, we observed that the absence of confirmation did not affect when the 30-day period began to run. *Id.* We acknowledged that "a defendant is not entitled to a rescission if [he] caused the hearing to be delayed." However, we found that the defendant did not cause the delay, because he "acted promptly in challenging the suspension." *Id.* ¶ 10. In addition, we rejected the State's argument that the 30 days should be tolled when the court strikes the petition based on the Secretary's failure to confirm the summary suspension. *Id.* ¶ 11. "[The] defendant's petition clearly was stricken with leave to reinstate once the Secretary filed the confirmation, and, as noted, none of the delay in holding a hearing on the petition was attributable to [the] defendant." *Id.* We further stated:

> "[I]t is not incumbent upon a trial court to dismiss or strike a petition if a confirmation from the Secretary is not on file. Indeed, because a defendant need not wait for the confirmation before filing his petition, the court would have no basis to dismiss or strike it. *If a defendant files a petition before the Secretary confirms the suspension, the trial court should simply continue the hearing to a date 30 days after the petition is filed. On that hearing date, if the Secretary has not confirmed the suspension, the suspension will be rescinded per Madden.* However, if the Secretary has confirmed the suspension, the defendant will receive the prompt hearing to which he is entitled under section 2-118.1(b)." (Emphases added.) *Id.* ¶ 12.

¶ 33    The State correctly notes that there is a split in authority among the appellate districts on whether the lack of confirmation of the summary suspension affects the ability of the trial court to proceed to a hearing on a petition to rescind the summary suspension. In *People v. Guillermo*, 2016 IL App (1st) 151799, ¶¶ 15-19, the First District rejected the principle espoused in *Moreland* that the absence of confirmation of the summary suspension rendered the petition "not ripe for adjudication." The court stated:

> "Because there is no requirement [in the Code] that the [Secretary] file a confirmation with the circuit court within a specific time period, we cannot conclude that the [Secretary's] failure to send a prompt confirmation of the suspension prevented the circuit court from holding a timely hearing on the defendant's petition to rescind. We could not hold otherwise without impermissibly reading into the Code conditions the legislature did not include." *Id.* ¶ 18.

Recently, in *People v. Kotlinski*, 2024 IL App (4th) 230526, ¶¶ 16-58, the Fourth District agreed with *Guillermo* and rejected both *Madden* and *Moreland*. The court concluded that *Madden* and *Moreland* were both wrong in barring adjudication of the merits of a petition to rescind when the only claimed barrier to adjudication was the lack of confirmation of the summary suspension. *Id.* ¶ 55. However, in dissent, Justice Cavanagh agreed with *Moreland*, stating that "until the Secretary confirms a summary suspension, there is no summary suspension to sustain or rescind." *Id.* ¶ 77 (Cavanagh, P.J., dissenting).

¶ 34    The parties here do not argue the issue of whether the trial court had authority to proceed to a hearing on defendant's petition before the Secretary confirmed the suspension. Indeed, the State, while recognizing the split in authority on the issue, concedes that the trial court was bound to follow our opinion in *Moreland*. Thus, the State concedes that "the trial court could not have

rescinded the suspension without the confirmation." Nevertheless, the State argues that, "[r]egardless of the need for a confirmation of the summary suspension, defendant's express agreement to the continuance and the consolidation of the cases affirmatively invited any error on this issue." We disagree.

¶ 35 We must consider defense counsel's actions within the context of the controlling precedent. As the State notes, this district's precedent—*Moreland*—holds that "without a confirmation of the suspension, there is not a suspension for the trial court to rescind." *Moreland*, 2011 IL App (2d) 100699, ¶ 9. Further, *Moreland* instructs that "[i]f a defendant files a petition before the Secretary confirms the suspension, the trial court should simply continue the hearing to a date 30 days after the petition is filed." *Id.* ¶ 12. Here, *the State* advised the trial court that it could not hold the hearing because the Secretary had not filed the confirmation. Based on *Moreland*, this was a correct statement of the law. In denying defendant's motion, the trial court acknowledged the lack of confirmation but never acknowledged the State's position that, without it, the hearing could not proceed. The court stated:

> "It's true that there was no confirmation of the summary suspension. But as I just indicated, I told [defense counsel] exactly what I intended to do which was have this case follow the felony for status on May 17th. I asked him if he had any problem with that, and he said, 'No.'
>
> So that is obviously not an objection. So the [c]ourt finds that the continuance was by agreement of the defendant."

However, given the controlling precedent, what objection could defendant reasonably have raised? Indeed, any objection would have been futile if the trial court had followed *Moreland*. We also note that *Madden* (which we relied on in *Moreland*) found that the delay resulting from the inaction

of the Secretary was attributable to the State, *despite the defendant's failure to object*. *Madden*, 273 Ill. App. 3d at 115. If, on May 10, 2024, the trial court could not have held a hearing on the petition—for a reason that had nothing to do with defendant—then nothing defendant said would have resulted in the petition being heard that day. Indeed, in such a situation, *Moreland* recommends continuing the matter to 30 days after the petition's filing date, a delay that would logically be attributable to the State. See *Moreland*, 2011 IL App (2d) 100699, ¶ 12. In this regard, we are sympathetic with defendant's assertion that, when his counsel answered "no" upon being asked if he had any problem with the State's request that the "[DUI] case *** follow the felony on May 17th at 9:00 o'clock," counsel was simply confirming his availability for the date. Given *Moreland*, counsel had no basis for objecting to a continuance *as such*. Thus, counsel's agreement with the suggested date—when an objection to a continuance would have been inconsistent with controlling precedent—does not negate the fact that the Secretary's delay in confirming the suspension was chargeable to the State. The duty of candor (see Ill. R. Pro. Conduct (2010) R. 3.3 (eff. Jan. 1, 2010)) does not require defense counsel to remind the trial court that time is of the essence. The State should know better.

¶ 36    The State's reliance on *Guillermo* does not warrant a different conclusion. In *Guillermo*, the First District found that, because the defendant agreed to continue the hearing on his petition for seven days, the delay was attributed to him. *Guillermo*, 2016 IL App (1st) 151799, ¶ 25. However, as noted above, *Guillermo* held that a trial court *can* hold a hearing on a petition to rescind a summary suspension even if the Secretary has not yet confirmed the summary suspension. *Id.* ¶ 18. Thus, the delay attributed to the defendant in *Guillermo* occurred when— according to the First District—a hearing could have been held. Here, under *Moreland*, on May 10, 2024, "there [was] not a suspension for the trial court to rescind" (*Moreland*, 2011 IL App (2d)

100699, ¶ 9), *due solely to a delay caused by the State*. Given the futility of any objection to a continuance, defendant's failure to object when the court proposed the date of the next possible hearing—assuming that the confirmation would have been filed by then—does not warrant attributing to defendant a delay unequivocally caused by the State.

¶ 37    Accordingly, based on the foregoing, we agree that the trial court abused its discretion in attributing to defendant the seven-day delay from May 10 through May 17, 2024.

¶ 38    Having so concluded, we need not consider whether the trial court also erred in attributing to defendant the 28-day delay from May 17 through June 14, 2024, because the hearing would have been untimely no matter who caused that delay.[4]

¶ 39                                  III. CONCLUSION

¶ 40    For the reasons stated, because attributing the 7-day delay to the State results in a total delay of 31 days, we reverse the judgment of the circuit court of Lake County denying defendant's petition to rescind the summary suspension of her driving privileges.

¶ 41    Reversed.

---

[4]April 22 through May 17, 2024, totals 25 days attributable to the State. June 14 through June 20, 2024, totals 6 days attributable to the State. This totals 31 days attributable to the State. If May 17 through June 14, 2024, is attributable to defendant, 31 days of delay remain attributable to the State. If, instead, May 17 through June 14, 2024, is attributable to the State, its delay totals 59 days.